**WALTERS et al., Appellees,**

v.

**GLASURE, Appellant.**

[Cite as *Walters v. Glasure* (1997), 117 Ohio App.3d 413.]

Court of Appeals of Ohio,
Seventh District, Carroll County.

No. 638.

Decided Jan. 13, 1997.

414

*John T. Smiley*, Carroll County Prosecuting Attorney, for appellees.

*Paul J. Gains*, for appellant.

Cox, Judge.

This matter presents a timely appeal from a decision rendered by the Carroll County Common Pleas Court finding defendant-appellant, John E. Glasure, Jr., guilty of indirect civil contempt in violation of R.C. 2705.02(A), along with his subsequent sentence thereon.

On July 10, 1992, plaintiffs-appellees, Dick Walters, Lewis D. Cline and Donald J. Yeager, as the Board of Township Trustees of Lee Township, Carroll County, Ohio, filed a complaint for preliminary and permanent injunctions, along with a motion for a temporary restraining order against defendants, John E. Glasure, Jr. and John E. Glasure, Sr. The complaint sought an injunction to prohibit defendants from interfering with the lawful use of real property owned by Lee Township.

On August 3, 1992, defendants filed an answer, along with a counterclaim, essentially seeking to quiet title to a claimed prescriptive or implied easement across the Lee Township real property at issue. A hearing was held on appellees' request for a temporary restraining order and a preliminary injunction. The trial court filed a judgment entry on August 5, 1992 enjoining defendants from entering on appellees' land and allowing defendants to complete a survey of the real property at their own expense. Appellees were also enjoined from permanently altering the real property.

The parties then waived their rights to a formal trial and the merits of the case were submitted to the trial court upon briefs, depositions and affidavits. On December 17, 1992, the trial court filed a judgment entry finding in favor of appellees on their complaint and further finding in favor of appellees on defendants' counterclaim as amended. The trial court issued a permanent injunction prohibiting defendants from interfering with appellees' use of the real property and/or with appellees' performance of their official functions. Defendants then filed a notice of appeal from the trial court's decision, along with a motion to stay execution of the injunction. By judgment entry filed on January 11, 1993, the trial court overruled defendants' motion to stay execution.

On April 30, 1993, the trial court filed another judgment entry in this matter, granting appellees permission to erect a fence on the real property, in conformity with the trial court's December 17, 1992 judgment entry. The fence was thereafter erected.

On August 5, 1993, appellees engaged the services of Terry Wagner on *pro bono* basis, to dig test holes on the property for the possible erection of a building. Present during Wagner's excavation were Lee Township trustee Donald Yeager and one James Bauder, an expert soil inspector hired by appellees to examine the test hole contents.

During the excavation, defendant-appellant, John E. Glasure, Jr., entered the property owned by Lee Township and began to videotape the actions of Wagner, Yeager and Bauder. At times, appellant was in close proximity to the test hole that Wagner was digging and to the backhoe that Wagner was operating. However, he did not prevent work from being performed by any of those present.

Appellees filed a motion for contempt against appellant on August 6, 1993, to which appellant responded by filing a memorandum in opposition. An evidentiary hearing was held on December 21, 1993, and both parties, along with their legal counsel, appeared to offer testimony. Wagner testified that his operation of the backhoe on August 5, 1993 was temporarily stopped or slowed due to appellant's interruptions, which primarily occurred before appellant began videotaping.

Bauder testified that appellant's presence on August 5, 1993 did not significantly interfere with his work. Yeager testified that he advised appellant that he should not be on township property during this time. Appellant, however, refused to leave. Eventually, the police were summoned, and upon the arrival of Chief Deputy Sheriff Robert Werkner and Lieutenant Detective Randall Ecrement, appellant was informed that the property owners desired that he leave the property immediately. Appellant was asked to leave at least three times by Sheriff Werkner, and upon his failure to do so, appellant was placed under arrest for trespassing.

Following due consideration of the testimony, evidence, and arguments presented by both parties, the trial court found appellant guilty of indirect civil contempt. Appellant was sentenced to serve thirty days in the county jail and ordered to pay a $250 fine, plus court costs. The trial court then suspended all but ten days of appellant's jail term and all but $100 of the fine. The trial court further reaffirmed the permanent injunction which it had issued against appellant on December 17, 1992. This appeal followed. Appellant also filed a motion to suspend execution of his sentence with this court, which we granted upon appellant's posting of a $1,000 cash bond.

On December 28, 1993, appellant filed a motion with the trial court requesting that it issue findings of fact and conclusions of law in regard to the contempt. The trial court complied with this request and filed its findings of fact and conclusions of law on January 5, 1994.

Appellant sets forth four assignments of error on appeal.

Appellant's first assignment of error alleges:

"The trial court erred in using the standard of proof by clear and convincing evidence in finding the defendant was guilty of indirect civil contempt and erred in its ruling that the defendant's state of mind was not relevant to the proceed-

ings for the reason that the proceedings were in fact for indirect criminal contempt."

The trial court announced at the beginning of the contempt proceedings that this matter was being considered as an allegation of indirect civil contempt. The trial court ultimately found appellant guilty, by clear and convincing evidence, of indirect civil contempt in violation of R.C. 2705.02(A). R.C. 2705.02(A) provides:

"A person guilty of any of the following acts may be punished as for a contempt:

"(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer."

The Ohio Supreme Court has recognized that a violation of an injunction can amount to both civil and/or criminal contempt. *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 18 O.O.3d 446, 416 N.E.2d 610. "While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment." *Id.* at 253, 18 O.O.3d at 448–449, 416 N.E.2d at 613. The Ohio Supreme Court further stated:

"Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court." (Citation omitted.) *Id.*

Although the trial court referred to this matter as indirect civil contempt, a review of the transcript of proceedings makes it clear to this court that the punishment that the trial court rendered was one sounding in criminal contempt. We find that appellant's incarceration term was unconditional, operated as a punishment for a completed act of disobedience to the trial court's previous order, and was used to vindicate the authority of the court.

Further, in order to show a defendant guilty of indirect criminal contempt, a plaintiff is first required to show beyond a reasonable doubt that the defendant specifically intended to defy a court order. *Midland Steel Products Co. v. International Union, United Automobile, Aerospace & Agricultural Implement Workers of Am. Local 486* (1991), 61 Ohio St.3d 121, 573 N.E.2d 98. No such finding was made in the case at bar as the trial court improperly used the standard of proof of clear and convincing evidence.

Appellant's first assignment of error is found to have merit.

■ Appellant's second assignment of error alleges:

"The trial court erred in finding defendant guilty of indirect civil contempt as the trial court's findings of facts are against the manifest weight of the evidence and indicate an abuse of discretion on the part of the court."

Lee Township Trustee, Donald Yeager, had the following exchange with appellant on August 5, 1993:

"A. Well, he walked up to me with the camera and I said to him that you know, John, you're not supposed to be on township property. It was a court order. 'Oh, no, no', he said, 'I'm on here as a taxpayer of Lee Township inspecting this contaminated dirt.' I said, 'Well, whatever.'

"Q. And what happened after that?

"A. Well, Terry kept digging the holes and he kept running around with this camera. That's about all that happened."

The trial court's order of December 17, 1992 granted appellees a permanent injunction as prayed for in their complaint, which stated:

"Wherefore, Plaintiffs pray that the defendant be enjoined and restrained from interfering in any way, directly or indirectly with any lawful activities of plaintiff * * *."

The testimony offered at trial did not clearly establish that appellant was interfering with appellees' lawful activities, and, in fact, neither Wagner, Yeager, nor Bauder asked appellant to leave the property. Therefore, we find that the trial court erred in finding appellant guilty of indirect civil contempt as that finding was against the manifest weight of the evidence.

Appellant's second assignment of error is found to have merit.

■ Appellant's third assignment of error alleges:

"The trial court erred in finding the defendant in contempt of court where the trial court's injunctive order does not comply with Rule 65(D) of the Ohio Rules of Civil Procedure for the reason that the injunction was specific in terms and did not describe in reasonable detail, and not by reference to the complaint, the act or acts sought to be restrained."

Appellant argues that the trial court's injunction dated December 17, 1992 was vague and overly broad because it enjoined appellant from engaging in any conduct that might be legal and socially required, if the conduct could be construed as "officious intermeddling."

As previously stated, the trial court enjoined appellant from, among other things, interfering with appellees' lawful use of township property. Civ.R. 65(D) provides:

"Every order granting an injunction * * * shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail * * * the act or acts sought to be restrained * * *."

A careful review of the trial court's injunction dated December 17, 1992 reveals that the terms and details set forth therein comply with Civ. R. 65(D).

Appellant's third assignment of error is found to be without merit.

Appellant's fourth assignment of error alleges:

■ "The sentence of incarceration and the fine imposed by the trial court was an abuse of discretion for the reason that the court relied upon *ex parte* knowledge of matters outside the record."

Appellant alleges that the trial court relied upon *ex parte* knowledge of matters outside the record in rendering a sentence against him in this case. In support of his position, appellant points to the following statement of the trial court just prior to sentencing:

"*THE COURT:* Well, it has come to the attention of this Court recently that there seems to be some, oh, I don't even know what to call it, effort afoot to disobey orders of this court or to ignore the orders of this court by some individuals, and, of course, you had the right to appeal the injunction and you did that, and I don't know if this effort is based upon some misguided construction of what one's legal rights are, or if it's a result of some extremely bad advice but uh, or if it's some misconception that the Court, this court or any of the courts in this county, lack the resolve, or the will, or the means to enforce their orders. * * * But if you are one of those individuals, Mr. Glasure, who is under the mistaken belief that this Court lacks the will or the means to enforce its orders, you are sadly mistaken, and if it is necessary to make an example of you to prevent this sort of thing from happening again, to prevent somebody from being injured by getting involved in things that are none of their business, being places where they shouldn't be, then maybe that's what we have to do. But the will is here, the resolve is here, and I have demonstrated in the last few weeks in another case the means are here and to me this is just another angle, another act and what is a continuing, or what had been up till now a continuing, a continuing pattern of interference and like I say, officious intermeddling."

This statement by the trial court indicates a mind-set that was obviously gleaned from some circumstances outside the record of the case.

Appellant's fourth assignment of error is found to have merit.

The judgment of the trial court is affirmed in part and reversed in part, and appellant is hereby discharged.

*Judgment affirmed in part
and reversed in part.*

JOSEPH E. O'NEILL, P.J., and GENE DONOFRIO, J., concur.