JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge Kathleen A. Sutula. Gerald Krueger claims it was error to adjudicate him a sexual predator. In addition to several constitutional challenges, he asserts there was no proof by clear and convincing evidence that he was likely to commit further sexually oriented offenses. We agree with the evidentiary argument and vacate the order.
In 1983 and 1984 Krueger, then 39 years old, lived with his girlfriend and her two daughters, aged twelve and six years. Between September 1983 and March 1984, Krueger raped or otherwise had sexual contact with both children on more than one occasion and admitted to the incidents in a written confession in May 1984. In June 1984, he was indicted and charged with two counts of rape, R.C. 2907.02, and two counts of gross sexual imposition, R.C. 2907.05.
On October 9, 1984, Krueger pleaded guilty to one count of rape involving a child under age thirteen, in violation of R.C. 2907.02 and was sentenced to life imprisonment, but eligible for parole on May 1, 1999. On April 21, 1999, the State moved to have Krueger adjudicated a sexual predator pursuant to R.C. 2950.09, and on May 26, 1999, the judge held a hearing on the motion.
The State presented evidence of the events surrounding Krueger's 1984 conviction, including his written confession, the presentence investigation report prepared at that time, and a psychiatric report, dated August 15, 1984, written after an evaluation to determine whether he was competent to stand trial. The psychiatrist had diagnosed Krueger as suffering from Pedophilia and Atypical Personality Disorder with Dependent and Inadequate Features. The evaluation considered Krueger to be suffering from a psychiatric disorder, although he was not psychotic and was competent to stand trial.
Krueger testified at the hearing and introduced evidence of his exemplary behavior while in prison, as well as his completion of sexual offender programs in prison. Krueger testified that he would not allow himself to be placed in a position similar to the one in which he committed the rapes in 1984. He blamed the stress of his job and lack of sexual contact with his girlfriend for contributing to his actions in 1984, because the combination of circumstances weakened his resolve. Krueger made similar comments in his 1984 confession.
After hearing Krueger's testimony, the judge announced her opinion that Krueger was a sexual predator. After stating that she did not have a crystal ball to determine whether Krueger would re-offend, she stated the following:
 However, in this case, we do have a crystal ball of sorts in so far as we do have a psychiatric examination of the defendant and a diagnosis by Dr. Linda Pendleton that this defendant was suffering from pedophilia, DSM III standard 302.20, as well as atypical personality disorder with dependent and inadequate features, DSM code 301.89.
 The crystal ball that the Court has been given in this case is that diagnosis, because the literature is replete with the learned opinions and study evidence that pedophilia is a disorder which cannot be cured or corrected, it is controlled through control of one's environment. That literature is clear. Even the most liberal social workers, psychiatrists, psychologists, and others who work in the mental health arena are in agreement on pedophilia in terms of it not being a curable disorder.
Krueger's first assignment of error states:
 I. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
Krueger here claims there was insufficient evidence to find him a sexual predator. A sufficiency claim is a question of law that we review de novo. State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546. When a reviewing court addresses an assignment of error regarding the sufficiency of the evidence, [t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; accord Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781,2789, 61 L.Ed.2d 560, 573.
A judge may find that an individual is a sexual predator only if clear and convincing evidence shows that the individual has been convicted of a sexually oriented offense and is likely to re-offend. R.C. 2950.01(E), 2950.09(B)(3); State v. Ward (1999), 130 Ohio App.3d 551, 559,720 N.E.2d 603, 608-09. A judge is to consider several factors relevant to the determination pursuant to R.C. 2950.09(B)(2), including:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In Ward, this court ruled that evidence of an individual's sexually oriented offense, by itself, could not provide proof, by clear and convincing evidence, of the second part of the sexual predator determination — that the individual is likely to commit another sexual offense. Ward, 130 Ohio App.3d at 561, 720 N.E.2d at 610. If sexual predator status could be determined from the facts surrounding a single conviction, the statute would inappropriately be converted to one strike and you're out. Id. The Ward court further stated that:
 In this case, the only evidence demonstrating that defendant was likely to engage in the future in one or more sexually oriented offenses consisted solely of proof of defendant's conviction on the felonious penetration charge, the age of the victim, and the threat of force both in committing the offense and ensuring the victim's silence after the offense. All this evidence shows is that defendant committed a sexually oriented offense — it does not show by clear and convincing evidence that defendant is more likely than not predisposed to commit another sexually oriented offense.
Id.
Although facts from an underlying conviction can support a sexual predator determination, those facts, standing alone, cannot sustain the determination. There must be some other evidence showing the individual's predisposition to commit further offenses. However, the record in this case shows that the judge relied on two factors in making her determination; the fact that Krueger's offense involved children, and the 1984 psychiatric report diagnosing Krueger with pedophilia. Although this evidence was relevant to the judge's consideration, we find it was insufficient to support her determination.
The fact that an individual committed sexual offenses involving children does not, standing alone, sustain a sexual predator determination. Ward, supra; State v. Patterson (Feb. 11, 1999), Cuyahoga App. No. 72448, unreported; State v. Gray (Mar. 4, 1999), Cuyahoga App. No. 72940, unreported; State v. Wimberly (Aug. 12, 1999), Cuyahoga App. No. 74652, unreported. The judge's comments at the hearing show that she relied exclusively on the fact that Krueger's offenses were against children and that she drew conclusions concerning Krueger's 1984 psychiatric evaluation without any supporting evidence. For all this court knows, the judge might, in fact, be correct in her assessment of the state of academic literature on the subject of pedophilia; however, no such evidence is in the record, and we cannot simply accept her asserted knowledge of the subject. See, e.g., Walters v. Glasure (1997),117 Ohio App.3d 413, 419, 690 N.E.2d 937, 941 (fine and sentence reversed because based on evidence not in the record). It is unclear in the first instance what weight should be afforded a fifteen-year-old psychiatric evaluation. Even if one can accept the diagnosis, one cannot accept the judge's unsupported comments concerning the treatment of persons diagnosed with pedophilia.
In connection with our decision here, we must note our disagreement with an unfortunate quote that already has been cited without critique in many cases. Sexual predator determinations recently have been upheld with language suggesting that the age of the victim alone can sustain the determination. The age of the victim factor of R.C. 2950.09(B)(2)(c) has been characterized as follows:
 Related to the court's determination of the likelihood of a defendant committing future sexual offenses, the legislature specifically included the age of the victim of the sexually oriented offense for which defendant was convicted. The legislature thus acknowledged, as have a multitude of courts, the overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. (Emphasis added.)
State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported (citing Kansas v. Hendricks [1997], 521 U.S. 346,117 S.Ct. 2072, 138 L.Ed.2d 501).
The emphasized portion of the foregoing passage has been cited with approval by a number of courts in this state, including two panels of this district. State v. Hlavsa (May 18, 2000), Cuyahoga App. No. 76221, unreported; State v. Nelson (Dec. 23, 1999), Cuyahoga App. No. 73031, unreported. Owing, perhaps, to the reprehensiblenature of sex crimes involving children, courts have quoted the passage uncritically, without stopping to determine whether the facts stated are supported by anything more than their assertion in the original quote. We trust that both professionals and the public will understand that our criticism is not motivated by our advocacy of pedophilia, but of fairness and reason. The statement is an assertion of fact, not a proposition of law; subsequent courts have adopted this assertion of fact without stopping to ask whether the facts were put in evidence in the cited case or any other.
The Daniels court states that the Ohio General Assembly, in enacting R.C. 2950.09(B)(2)(c), acknowledged overwhelming statistical evidence of recidivism rates among sex offenders who commit crimes against children. However, the Daniels court (and all courts quoting or adopting the language since) failed to cite any evidence showing the Ohio legislature's consideration of this statistical evidence, much less acknowledgment of it,[1] and failed to cite any of the overwhelming statistical evidence itself. The only citation to either the evidence itself or to the multitude of courts that have acknowledged the evidence is Kansas v. Hendricks, supra. However, Hendricks makes no reference to any statistical evidence concerning recidivism rates of sexual offenders who commit crimes against children;[2] the case simply concerns a single offender who committed repeat sexual offenses against children Hendricks is a single case. Not only is it not "overwhelming," it is not statistical evidence and it neither cites nor discusses statistical evidence. We are left with a runaway quote making unsupported, unchecked factual claims that are then adopted as facts in subsequent cases. However, just as the judge here erred in citing her ex parte knowledge of psychiatric literature on pedophilia, it is improper to cite phantom statistical evidence, no matter how overwhelming the apparition.
We express no opinion on whether the psychiatric community considers pedophilia a curable or treatable disorder, or whether statistical evidence shows that recidivism rates are higher for sexual offenders who victimize children than for other sexual offenders or offenders as a whole. Although such evidence may exist, it has not been offered or admitted[3] in this case or in any other case of which we are aware. Because the evidence, even if it exists, has not been offered, admitted, or argued in Krueger's case, it, therefore, should not be considered.
After sifting the rhetoric from the evidence in this case, we are left with a record insufficient to find Krueger a sexual predator. The only evidence presented showed that he admitted to violating the two children and was diagnosed with pedophilia in 1984. He presented evidence that he had undergone treatment while in prison and asserted an ability to control his actions. The State, which still has the burden of proof in these cases, did not offer evidence concerning Krueger's current psychological condition, either by conducting a new evaluation or by offering evidence showing the continued validity of the original evaluation. It did not address the efficacy of Krueger's treatment programs while in prison, either by asserting that treatment generally is ineffective, by showing that he had not responded to treatment, or by showing that the nature of his crimes mandated sexual predator adjudication regardless of his treatment. Instead, the State simply asked the judge to find him a sexual predator based solely on stale reports generated at the time of his indictment and conviction fifteen years earlier. The judge obliged the State not only by making the determination but also by referring to supporting evidence that was not in the record and could not be argued or rebutted. We cannot accept the introduction of this evidence, and we cannot overlook the State's failure to support its case with sufficient evidence of Krueger's current condition.
A review of this court's disposition of sexual predator appeals shows considerable inconsistency in application of R.C. 2950.09 and the clear and convincing standard of proof. The distinct lack of reported decisions from this court indicates our lack of clear direction in such cases thus far. We note that R.C. Chapter 2950 provides less onerous registration requirements for sexual offenders who are not adjudicated sexual predators, while requiring frequent registration and notification by those so classified. The existence of other registration requirements suggests that sexual predator status is intended only for those offenders deemed most likely to re-offend and that statistical or anecdotal evidence of recidivism among sex offenders is best addressed through the normal registration requirements. There is no reason to lessen the State's burden to present clear and convincing evidence that an individual is likely to commit another sexual offense before attaching the heightened burdens of sexual predator classification.
The State doggedly defends its failure to present evidence by referring to this court's unreported decisions generally rejecting any duty to present particular types of evidence in order to sustain a sexual predator determination. See State v. Harris (April 22, 1999), Cuyahoga App. No. 72877, unreported (expert evidence not required); State v. Delgado (April 22, 1999), Cuyahoga App. No. 73099, unreported (State need not present witnesses and is not statutorily required to present any evidence). However, the lack of any requirement that the State present particular types of evidence does not absolve the State of its duty to sustain its case by clear and convincing evidence. While in some cases record evidence of offenses might be sufficient to make the determination without expert testimony or other evidence, this does not mean that expert evidence is never necessary or that evidence of prior offenses will always be sufficient.
Where the State requests sexual predator classification based on a fifteen-year-old conviction, and the offender has since undergone extensive treatment, expert assessment of the individual's current condition seems a basic component to the State's burden of producing clear and convincing evidence. Without a particularized assessment, the State is simply asking for a determination based on a generalized fear and/or expectation that the individual will re-offend. This cannot be an appropriate application of R.C. 2950.09.
The dissent's reliance upon a record of fifteen years ago fails to address the reasoning of our decision. Our decision is based on the State's failure to present evidence of Krueger's current condition and the likelihood that he will re-offend. We have no desire to minimize the gravity of the crime, but the facts of the offenses themselves, however, are insufficient to answer these questions. Had the sexual predator hearing been held in 1984, our assessment of the evidence might be different. The dissent's astonishment is more accurately directed at the State's failure to present current and relevant evidence than at our determination that a fifteen-year-old psychiatric evaluation conducted for a different purpose is too stale to satisfy the State's burden here.
The dissent also attempts to defend the use of facts not in evidence by claiming that our criticism of citations to overwhelming statistical evidence is in fact a recognition of that evidence. What we have tried to point out, and what the dissent fails to address, is that no such evidence was introduced in this case, and nothing in the cited cases supports either the facts asserted or their adoption in all cases. The State presented no evidence to support the judge's conclusions here.
This court will not affirm sexual predator determinations when no effort has been made to support the request. Ward, supra; State v. Johnson (Sept. 30, 1999), Cuyahoga App. No. 74841, unreported. The record here is insufficient to warrant a sexual predator determination against Krueger. We find the first assignment of error well taken.
Krueger's second, third, and fourth assignments of error attack the constitutionality of the sexual predator statute and the proceedings used to make the determination. The assignments state:
 II. OHIO'S SEXUAL PREDATOR STATUTE VIOLATES THE CONCEPTS OF SEPARATION OF POWERS BECAUSE IT FORCES A TRIAL COURT TO INVESTIGATE, PROSECUTE AND ADJUDICATE INDIVIDUALS AS SEXUAL PREDATORS.
 III. THE ADJUDICATION PROVISIONS VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE OHIO'S CLASSIFICATION SCHEME IS SYSTEMATICALLY FLAWED.
 IV. THE TRIAL COURT ERRED WHEN IT CLASSIFIED THE APPELLANT AS A SEXUAL PREDATOR BECAUSE THE LABEL IS UNREASONABLE OR ARBITRARY IN VIOLATION OF SECTION 1 AND 2 OF ARTICLE I OF THE OHIO CONSTITUTION AS WAS HELD BY THE ELEVENTH DISTRICT IN STATE V. WILLIAMS.
Because of our resolution of the first assignment of error, the remaining assignments of error are moot, and we need not address them. App.R. 12.
Judgment vacated.
It is ordered that the parties bear their own costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., CONCUR; MICHAEL J. CORRIGAN, J., DISSENTING (SEE DISSENTING OPINION).
[1] Logic would suggest that if the Ohio General Assembly had considered statistical evidence and wished to adopt a per se rule determining all those convicted of sexual offenses with children to be sexual predators, it would have done so.
[2] Hendricks' only reference to recidivism rates is the dissent's discussion concerning the State of Kansas' concession that effective treatments for sex offenders were available and that at least some mental health professionals believed that treatment significantly reduced recidivism. Hendricks, 521 U.S. at 378, 117 S.Ct. at 2090 (Breyer, J., dissenting).
[3] Even if such evidence were offered, we cannot say that it would be admissible. Like character evidence, judges generally should be wary of statistical evidence offered to prove that a particular case is in conformity with those statistics. Cf. Craig v. Boren (1976), 429 U.S. 190,204, 209, 97 S.Ct. 451, 460, 463, 50 L.Ed.2d 397 (warning that proving broad sociological propositions by statistics is a dubious business, and that statistically measured but loose-fitting generalities will not override equal protection guarantees).