CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

BROWN, ATTY. GEN., APPELLANT, *v.*
EXECUTIVE 200, INC., ET AL., APPELLEES.

(No. 80-246—Decided December 30, 1980.)

*Mr. William J. Brown,* attorney general, *Mr. Alex Shumate* and *Ms. Barbara K. Roman,* for appellant.

*Messrs. Lawson, Rumer & Smith, Mr. Michael A. Rumer* and *Mr. Thomas L. Smith,* for appellees.

PAUL W. BROWN, J.   The first issue we must consider is what degree of proof is required for a court to impose a criminal contempt sanction. Appellees contend that in criminal contempt proceedings guilt must be proven beyond a reasonable doubt.

The clear weight of authority requires that a defendant must be proven guilty beyond a reasonable doubt to be punished for criminal contempt. *E.g., Gompers* v. *Bucks Stove & Range Co.* (1911), 221 U. S. 418; *In re Coleman* (1974), 12 Cal. 3d 568, 526 P. 2d 533; *Wilmington* v. *General Teamsters Local Union 326* (Del. Super. 1974), 321 A. 2d 123. In *Gompers, supra,* the United States Supreme Court, at page 444, stated: "[N]otwithstanding the many elements of similarity in procedure and in punishment, there are some differences between the two classes of proceedings which involve substantial rights and constitutional privileges. Without deciding what

may be the rule in civil contempt, it is certain that in proceedings for criminal contempt the defendant is presumed to be innocent, [and] *he must be proved to be guilty beyond a reasonable doubt* * * *." (Emphasis added.) This language was cited with approval in *Bloom* v. *Illinois* (1968), 391 U. S. 194, wherein the court further stated, at page 201, that "criminal contempt is a crime in every fundamental respect* * *." Also, as we recently stated in *State* v. *Kilbane* (1980), 61 Ohio St. 2d 201, 205: "The most important consequences arising from this classification of contempts is that many of the significant constitutional safeguards required in criminal trials are also required in criminal contempt proceedings." Therefore, we now hold that the standard of proof required in criminal contempt proceedings is proof of guilt beyond a reasonable doubt and a contemnor cannot be given a criminal contempt sanction unless proven guilty beyond a reasonable doubt.[1]

We must now turn to the instant cause and determine if crimial contempt is involved. While appellees concede that an action under R. C. 1333.94[2] is a civil enforcement proceeding, they assert that when such proceedings are filed jointly[3] with contempt proceedings under R. C. 2705.02 *et seq.,*[4] the pro-

---

[1] We disaffirm any language in earlier cases which suggests that a lesser standard of proof is adequate. *E.g., State* v. *Local Union 5760* (1961), 172 Ohio St. 75, at page 83.

[2] R. C. 1333.94 provides:

"Whenever it appears that a person is violating or about to violate section 1333.92 of the Revised Code, the attorney general may bring an action in the court of common pleas to enjoin the violation. Upon a proper showing, a temporary restraining order, or a preliminary or permanent injunction shall be granted without bond. The court may impose a penalty of not more than five thousand dollars for each day of violation of a temporary restraining order or preliminary or permanent injunction issued under this section."

[3] R. C. 1333.95 provides:

"The remedies in sections 1333.91 to 1333.95 of the Revised Code are in addition to remedies otherwise available."

[4] R. C. 2705.02 provides, in relevant part:

"A person guilty of any of the following acts may be punished as for a contempt:

"(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer;"

R. C. 2705.05 provides:

"Upon the day fixed for the trial in a contempt proceeding the court shall investigate the charge, and hear any answer or testimony which the accused makes or offers.

ceedings become criminal in nature. We cannot agree. Contempt proceedings are regarded as *sui generis. State* v. *Timson* (1974), 38 Ohio St. 2d 122. They are neither wholly civil nor wholly criminal actions. *Gompers, supra.* Rather, "[t]hey bear some resemblance to suits in equity, to criminal proceedings and to ordinary civil actions; but they are none of these." *Cincinnati* v. *Cincinnati District Council 51* (1973), 35 Ohio St. 2d 197, at page 202. Therefore, appellees' contention is untenable, since an action brought under R. C. 2705.05 alone may be deemed to be essentially civil in nature. See, *e.g., Windham Bank* v. *Tomaszczyk* (1971), 27 Ohio St. 2d 55.

Because violation of a prohibitory injunction, as in the instant cause, can amount to both civil and criminal contempt, *United States* v. *United Mine Workers* (1947), 330 U. S. 258, it is possible that the trial court imposed both types of sanctions to punish for both the civil and criminal contempt aspects of this cause. For this reason, we will look at the nature of the various penalties imposed in order to determine if they are criminal or civil. Any civil penalties imposed will be valid since the trial judge stated that the appellees were guilty of contempt by clear and convincing evidence. Any criminal sanctions, however, may be invalid since the standard of proof for criminal penalties may not have been met here. Indeed, it is possible that there was sufficient uncontroverted evidence for the trial judge to find appellees guilty of contempt beyond a reasonable doubt, but we cannot be certain of this because the trial judge stated in his findings of fact that appellees were guilty of contempt by clear and convincing evidence.

While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment. *Gompers, supra; Kilbane, supra.* Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket, *In re Nevitt* (C.A. 8, 1902), 117 F. 448, 461, since he will be freed if he agrees to do as ordered. Criminal

---

"The court shall then determine whether the accused is guilty of the contempt charge. If it is found that he is guilty, he may be fined not more than five hundred dollars or imprisoned not more than ten days, or both."

contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court. See, generally, *Gompers, supra; Bd. of Edn.* v. *Brunswick Edn. Assn.* (1980), 61 Ohio St. 2d 290; *State* v. *Local Union 5760* (1961), 172 Ohio St. 75, at 82-83. Therefore, to determine if the sanctions in the instant cause were criminal or civil in nature, it is necessary to determine the purpose behind each sanction: was it to coerce the appellees to obey the consent judgment decree, or was it to punish them for past violations?

As to appellee Executive 200, the civil penalty provisions of R. C. 1333.94 specifically authorize courts to impose fines of up to $5,000 for each day of violation of an injunction prohibiting the operation of a pyramid sales scheme. Appellees concede that the imposition of the civil penalties provided for in R. C. 1333.94 requires at most no more than clear and convincing evidence of guilt. Thus, if the fine was imposed pursuant to R. C. 1333.94, it would clearly be a valid civil enforcement penalty. However, even if the fine was imposed under the court's contempt powers pursuant to R. C. 2705.05, the fine would be a valid civil contempt sanction. The $1,000 portion of the fine that cannot be purged acts to compensate the Attorney General and the people of Ohio for losses suffered due to the illegal activities of Executive 200 and for the necessity of bringing proceedings to enforce compliance with the consent judgment decree. As this court stated in *Cincinnati* v. *Cincinnati District Council 51, supra,* at page 207: "The award of damages* * *is the civil aspect, and such award is proper in a contempt proceeding to compensate for losses." Thus, whether the fine is an enforcement penalty under R. C. 1333.94 or a contempt sanction under R. C. 2705.05, it is civil in nature and valid. We, therefore, reverse the Court of Appeals and reinstate this penalty.

The five-day conditional jail sentence given to appellee Savage is also a civil penalty. The purpose of the sentence was to coerce Savage to cease violating the consent judgment entry. We therefore reverse the judgment of the Court of Appeals and reinstate this sentence.

Seven days of the ten-day sentence given to appellee Mader can be automatically purged if Mader ceases to violate the judgment entry. This portion of the sentence, like the five-day sentence given to Savage, is coercive and remedial. Therefore, it is a valid civil penalty, properly imposed in this instance. We reinstate this portion of the sentence.

The three days of unconditional incarceration to which Mader was sentenced, however, must be considered punishment for criminal contempt. The fact that it is a criminal contempt penalty is apparent on its face. This imprisonment cannot coerce compliance, nor is it remedial. It must be seen as punishment for the completed acts of disobedience. Its purpose is to vindicate the authority of the court and the law. *Gompers, supra,* at 442-43.

Due to the fact that the three-day unconditional sentence is a criminal penalty, it can not be imposed except upon proof of guilt beyond a reasonable doubt. Thus, the trial court erred in sentencing Mader to three days of actual incarceration without clearly holding that he was guilty of contempt beyond a reasonable doubt. We affirm the Court of Appeals in this regard.

The judgment of the Court of Appeals is reversed and the fine and the conditional sentences are reinstated. We, furthermore, remand the cause to the trial court as to the unconditional sentence for proper proceedings consistent with this opinion.

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.