OPINION
Defendant Mark Campbell appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, convicting and sentencing him for contempt of court for willfully failing to comply with the court's order to support his two children. Appellant assigns a single error to the trial court:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT DENIED DEFENDANT-APPELLANT DUE PROCESS OF LAW AND VIOLATED DEFENDANT-APPELLANT'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS IN FINDING HIM GUILTY OF INDIRECT CRIMINAL CONTEMPT.
The record indicates the Stark County Child Support Enforcement Agency filed a motion for appellant to show cause why he should not be held in contempt of the court's child support order. Appellant failed to appear for the first scheduled hearing on the show cause, and was arrested on a bench warrant. A representative of the Public Defender's office moved for a continuance, representing she had just met her client moments before the hearing, and had not had an opportunity to prepare. Her motion for continuance was based on her client's due process rights. The trial court overruled the motion, finding the sole issue in the hearing was whether or not appellant had complied with the court's order. The court found appellant could clearly take the stand and testify as whether or not he had paid it. Thereupon, CSEA called appellant as if on cross. The Public Defender objected again, asking the court if it was a civil or criminal contempt proceeding. The court replied it did not know, but it might give appellant a chance to purge after the evidence was presented. The court directed the Public Defender to advise her client on both civil and criminal contempt. The court instructed defense counsel to advise appellant on "anything" and reminded the Public Defender she could raise an objection at any time her client did not "happen to answer." The transcription of the hearing is interrupted here, and the parties have supplied a statement of proceedings pursuant to App. R. 9(C). The statement of proceedings states appellant was called to the witness stand by the CSEA. Over his attorney's objections on Fifth Amendment grounds, appellant testified he had not paid child support since 1996, and had been unable to pay child support because he was only intermittently employed. After appellant testified, CSEA moved to admit payment and arrearage records over defense counsel's objection. Thereafter, the transcription of proceedings resumes with CSEA asking the court to impose sentence immediately, and as a condition of purge or early release, to require appellant pay $3,801.60. The trial court addressed appellant and pronounced him guilty on two counts. The court advised appellant imposition of sentence was set for three months in the future. The court further informed appellant he would be released from jail to go back to work. The court instructed appellant
 ". . . I am giving you a break to get your job and I better see some support payments coming in for those kids. If I do, it will definitely have a factor of what I do with your sentencing, okay. You better make the support payments * * * I am not interested in keeping people in jail and not getting money for their kids, but don't cross me, Mr. Campbell, there better be money paid in, this is the end of the ride. . . ."
Tr. of Proceedings of May 11, 1999, at 7. At the sentencing hearing, a different Public Defender appeared and objected to the finding of contempt at the previous hearing, because counsel had no advance notice of the hearing and was not afforded the opportunity to subpoena witnesses on appellant's behalf. The court overruled the motion, finding appellant had already been found in contempt. Upon learning appellant had still paid no money either on the current child support obligation or on the arrearages, the court sentenced appellant to 30 days in jail, with 10 days suspended on the condition of his making payments. The court imposed no fine or costs. Appellant urges he was not given notice of his trial date, not given the opportunity to secure legal counsel, not given time to prepare a defense, not given time to subpoena witnesses in his own defense, and was forced to testify as a prosecution witness, all of which violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution. The parties agree contempt actions can be either criminal or civil, see Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250. Both types of contempt contain an element of punishment, but it is the character and purpose of the punishment that distinguishes criminal from civil contempt. The civil contempt sanction of imprisonment is coercive, but conditional because the contemnor may avoid incarceration if he does as the court has ordered. Criminal contempt, on the other hand, is characterized by an unconditional prison sentence which serves as punishment for past disobedience or disregard of a court order, Id. CSEA urges the finding of contempt for failure to comply with a child-support order is civil in nature because violation of the order is not directed against the court but rather against the party who originally was to benefit from the order. CSEA urges appellant was properly served the documents which contained all the statutorily required notices to which appellant was entitled. Appellant was notified of the hearing date, and his opportunity to be heard on the issue, but did not appear for the hearing. The notice advised appellant he had the right to counsel, and to legal representation if he is indigent. The documents CSEA served appellant with advised him of the penalties for contempt of court. Nevertheless, we find the court transformed the matter into a criminal contempt proceeding. The record is clear although the court deferred sentencing for three months, the court had already convicted appellant of the charge. At the hearing, the court did not inform appellant he had 3 months to purge the civil contempt, but rather informed appellant making support payments would be a factor in the court's decision on sentencing. We find the trial court violated the appellant's due process rights when it required him to go forward with the trial without giving him adequate time to prepare a defense. The court further violated appellant's constitutional rights in permitting CSEA, over defense's objection, to call appellant as on cross. The record before us does not demonstrate appellant waived his rights in that regard. The assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is vacated, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By: GWIN, P.J., WISE, J., and EDWARDS, J., concur.