OPINION
Plaintiff-appellant Jeffrey Whitman appeals from an order of the trial court finding him in contempt for failure to make mortgage payments. Mr. Whitman contends that the finding of contempt is against the manifest weight of the evidence.
We conclude that the record does not set forth clear and convincing evidence of contempt; therefore, the trial court erred in applying sanctions. Accordingly, the order of the trial court finding Mr. Whitman in contempt for failure to make mortgage payments is Reversed and Vacated.
 I
This appeal is the latest in "an interminable procession of filings in the trial court, court of appeals, and the supreme court of the state by both parties * * * ." See, Whitman v. Whitman
(Mar. 2, 1999), Hancock App. No. 5-97-30, unreported. It revolves around court hearings held in March, 1998, involving issues of child custody and motions for contempt regarding the payment of certain debts.
Pursuant to the terms of their 1994 divorce decree, Mr. Whitman was required to pay the entire monthly mortgage payment on Ms. Whitman's residence; approximately $1,200 in amount. That order was vacated by the trial judge in July, 1995, but it was later reinstated by the court of appeals in May, 1996.
On February 4, 1997, the trial court issued a judgment entry that, among other things, required Mr. Whitman to pay only $800 per month toward the mortgage debt owed on Ms. Whitman's residence. The pertinent portion of the order is as follows:
 In addition thereto, the husband shall pay $800.00 per month toward the wife's mortgage payment, which payment shall not include poundage and shall be paid directly to the wife or to the mortgage company, at the husband's election. Said payment shall commence February 3, 1997 and be payable the first Friday of each month thereafter until further order of the court. (Emphasis added).[1]
In January, 1998, Ms. Whitman filed a motion seeking to hold Mr. Whitman in contempt for failure to make all payments owed on the mortgage. At the hearings on the motion, Ms. Whitman testified that Mr. Whitman failed to make monthly payments during the period of time that the divorce decree had been vacated. Additionally, in response to a question posed by her attorney as to whether Mr. Whitman had been paying "approximately $500 a month less than the full amount of the mortgage" following the filing of the February, 1997 order, she answered, "I believe so." She sought reimbursement for all payments made by her on the debt.
According to his testimony at trial, Mr. Whitman paid the $800 monthly payment, as required by the trial court's order of February, 1997.
On July 29, 1998, the trial court entered a decision and judgment entry finding Mr. Whitman in contempt of court for "failure to pay [Ms. Whitman's] mortgage." The judgment also ordered Mr. Whitman to reimburse Ms. Whitman for any amounts she paid on the property, and to "immediately commence to pay the full mortgage payment due." However, the trial court's judgment stated that "[t]here was no testimony before the Court indicating the precise amount of the payment upon the property in question." Therefore, the trial court declined to issue a judgment regarding the amount of money owed by Mr. Whitman, and ordered the parties to attempt to resolve the matter outside of court.
Mr. Whitman appeals from the finding of contempt.
 II
The sole Assignment of Error states as follows:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND PLAINTIFF-APPELLANT-CROSS APPELLEE IN CONTEMPT OF COURT FOR HIS FAILURE TO MAKE THE APPROPRIATE PAYMENTS ON THE MORTGAGE ON DEFENDANT-APPELLEE-CROSS APPELLANT'S HOME AS SAME WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.[2]
Mr. Whitman contends that the evidence does not support the trial court's finding of contempt. Specifically, he argues that he could not be held in contempt because he was in compliance with the orders of the trial court regarding the mortgage payments.
We begin our analysis by noting that the judgment of the trial court did not specify whether it found Mr. Whitman guilty of civil or criminal contempt. Therefore, "[t]o determine whether this proceeding involved criminal or civil contempt, we look at the character and purpose of the penalties imposed." Carter v.Carter (Nov. 23, 1994), Montgomery App. Nos. 14409, 14530, 14574, unreported. "Punishment for civil contempt is `remedial or coercive and for the benefit of the complainant.' " Id., quoting,Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250, 253. "On the other hand, imprisonment for criminal contempt operates as `punishment for the completed act of disobedience, and to vindicate the authority of the law and the court.' " Id. "Civil contempt punishments are conditional in that the contemnor can avoid the punishment by doing what was ordered." Id. "Thus, the contemnor is coerced into complying with the court's order." Id.
"However, criminal contempt sanctions are typically definite and unconditional, and the contemnor is punished for the punitive purposes of the court rather than for the benefit of the complainant." Id. In this case, although the sanction consisted of a jail sentence for a definite term, the sentence included a purge clause which allowed Mr. Whitman to purge his contempt at any time during the execution of the sentence. Therefore, we deem the sanction to be coercive, and thus civil, in nature.
A finding of civil contempt must be supported by clear and convincing evidence. City of Moraine v. Steger Motors, Inc.
(1996), 111 Ohio App.3d 265, 268. With this standard in mind, we examine the record to determine whether the trial court's finding is supported by the evidence.
It appears from the judgment that the trial court's decision was based, in part, upon its finding that the February, 1997 order — reducing the amount of Mr. Whitman's obligation on the mortgage payments — was merely a temporary order, which was extinguished upon the filing of the final child support order of July 8, 1997. We disagree. The February, 1997 order did contain temporary orders regarding child support. However, the clause concerning the reduction of the mortgage obligation was set forth in a separate, discrete paragraph, which specifically stated that the reduced amount should be paid "until further order of the court." Although the July 8, 1997 order constituted a final disposition of the child support issues, thereby superseding the temporary child support orders, it did not purport to change the monthly amount to be paid by Mr. Whitman on the mortgage. Therefore, the fact that Mr. Whitman failed to resume full payment of the mortgage upon the issuance of the final child support order is not sufficient to support a finding of contempt.
Ms. Whitman appears to be arguing that the July 8, 1997 order was, in any event, a "further order of the court," even if it pertained to a different subject. We cannot fault Mr. Whitman for concluding that the "further order of the court" to which the mortgage payment order referred meant a further order on the issue of the mortgage payments. To construe the provision otherwise would lead to the absurd result that the next entry of any order of the court, on any subject, in any case, involving any parties, would have terminated the mortgage payment order. This cannot have been intended.
Furthermore, it is not clear from the record whether he paid the entire $800 as required by the February, 1997 order, or whether, as Ms. Whitman claims, he paid some lesser amount. Even the trial court was unable, after hearing the evidence, to determine what amount it believed was owed by Mr. Whitman. Therefore, we find that the evidence is not sufficient to support a contempt citation.
Additionally, it is not clear from the record before us whether, during the period of time that the decree was vacated, Mr. Whitman stopped making the mortgage payments. Moreover, we cannot say that Mr. Whitman had any obligation to make the mortgage payments during the time when the judgment was vacated. In fact, in a June 21, 1996 memorandum, Ms. Whitman conceded that the failure to make payments on the mortgage during that time was "not inappropriate".[3]
We conclude that the finding of contempt is not supported by clear and convincing evidence in the record before us. Therefore, Mr. Whitman's sole Assignment of Error is sustained.
 III
Mr. Whitman's sole surviving Assignment of Error having been sustained, the order of the trial court finding him in contempt for failure to make mortgage payments is Reversed and Vacated. In all other respects, the judgment of the trial court is Affirmed.
 ________________________ FAIN, J.
GRADY, P.J., and YOUNG, J., concur.
(Honorable Mike Fain, Honorable Thomas J. Grady, and Honorable Frederick N. Young of the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.)
[1] The remainder of the order dealt with temporary child support matters. A final child support order was filed on July 8, 1997. This order was silent on the issue of mortgage payments.
[2] Although this appeal originally included four Assignments of Error and two Assignments of Error on cross-appeal, the parties are to be congratulated for having managed to resolve all but the issue of the contempt finding regarding the mortgage payment.
[3] The memorandum was attached as support for a separate motion for contempt filed by Ms. Whitman.