OPINION
On August 27, 1993, appellees, Paul and Mary Ann Wolfe, filed a complaint against Rolland Sagle and appellant, Nancy Sagle, alleging they had a prescriptive easement across the Sagle's property for driveway use. An amended complaint was filed on September 7, 1993. In 1994, Mr. Sagle quit claimed his interest in the property to appellant. On April 16, 1996, the parties entered into an agreed order. Appellant agreed to construct a new thirty-five foot driveway with twenty-five feet apportioned to her and ten feet apportioned to appellees. Appellant also agreed to construct a barrier (post and fence) on her property which was not to impede the use of the new driveway by either party. On January 30, 1997, appellees filed a motion to show cause, alleging appellant had constructed a barrier that impeded appellees' use of the driveway. A hearing was held on August 3, 1998. By journal entry filed September 8, 1999, the trial court ordered appellant to remove the existing post and fence and move them back twelve feet. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ITS JOURNAL ENTRY OF 9/8/99 ORDERING APPELLANT TO REMOVE THE EXISTING POST AND FENCE AND TO BUILD A NEW ONE BACK A DISTANCE OF 12 FEET. SAID DECISION IS CONTRARY TO THE AGREED ORDER AND THE LAW AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS AS GUARANTEED BY ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTIONS.
 II THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT IN CONTEMPT WHEN SAID FINDING WAS NOT BY CLEAR AND CONVINCING EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III THE TRIAL COURT ERRED IN USING THE STANDARD OF PROOF BY CLEAR AND CONVINCING EVIDENCE FOR THE REASON THAT THE PROCEEDINGS WERE IN FACT FOR INDIRECT CRIMINAL CONTEMPT.
 IV THE TRIAL COURT JUDGE PLAINLY ERRED IN NOT RECUSING HIMSELF FROM THIS CASE WHEN HIS IMPARTIALITY MIGHT REASONABLY BE QUESTIONED UNDER CANON 3(C) OF THE CODE OF JUDICIAL CONDUCT. APPELLANT DID NOT WAIVE RIGHT TO RAISE ISSUE WHEN HER COUNSEL'S CONDUCT IS ALSO SUBJECT TO REVIEW.
 I
Appellant claims the trial court erred in ordering her to remove the existing post and fence and move them back twelve feet. Appellant claims said decision is contrary to the agreed order and violated her due process rights. We disagree. Per the agreed order signed by the parties on April 16, 1996, appellant agreed to "construct a barrier between the properties of the Plaintiffs and the Defendants which shall be entirely on the property of the Defendants. The barrier will extend to the right of way of State Route 22 but shall not be extended to impede the use of the new driveway by either the Plaintiffs or the Defendants." The proceeding before the trial court was a show cause hearing wherein the trial court found the barrier as erected impeded the use of the driveway. T. at 38. By journal entry filed September 8, 1999, the trial court ordered the removal of the barrier to a position twelve feet back. As will be discussed in Assignment of Error II, this order was not a finding of contempt. From our review of the pleadings and evidence, we find the order to be an enforcement of settlement. The April 16, 1996 agreed order empowered the trial court to enforce and/or interpret the agreed order as it became the trial court's order: IT IS THEREFORE ORDERED that, the parties and their counsel having approved this agreement as indicated below, this agreement shall become the Order of this Court and shall be binding upon the Plaintiffs and the Defendants and their heirs, executors, administrators or assigns and any future owners of the property of the Plaintiffs or the Defendants.
We note a trial court has the inherent power to interpret and enforce its own orders. From the facts presented, the trial court specifically found the barrier impeded the use of the driveway. T. at 37-38. The evidence as to the impeding is in dispute. Appellees claim the barrier impedes while appellant claims it does not, citing to the fact that in a week's time over two thousand vehicles traveled by the barrier, with only one accident. T. at 26, 27-28. We note numerous photographs were admitted into evidence. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. We therefore conclude the trier of fact, in this case, the trial court, was best suited to resolve this disputed fact issue and we defer to its decision. Because appellant assented to the agreed order and jurisdiction of the trial court, we do not find the trial court's order to move the barrier to be an unconstitutional taking of property without due process. Assignment of Error I is denied.
 II, III
Appellant claims the trial court erred in finding her in contempt of court and in using the standard of proof by clear and convincing evidence. The September 8, 1999 journal entry which is the subject of this appeal states as follows: 1) This matter was last before the Court on August 3, 1998, for a show cause hearing before the Honorable D. Hixson. Upon reviewing the transcript, exhibits, and record of that hearing it is determined that the driveway constructed is one foot, four inches narrower on the plaintiff's side than required by the agreed entry. Also it is found that the post and fence erected by the defendant impedes the use of said driveway by the plaintiff.
It is therefore ordered, adjudged and decreed that the defendant shall remove the existing post and fence. The post and fence shall be moved back a distance of 12 feet to allow vehicles to enter and leave the plaintiff's property safely. The defendant shall comply with this order within 30 days of it's filing. Defendant is further ordered to pay the costs of these proceedings.
The agreed entry referenced in the order included the construction of the barrier as cited in Assignment of Error I. The appealed from journal entry journalized the following finding by the trial court made during the show cause hearing: The third — on the second page of the agreed order, the third paragraph from the end, says the barrier will extend to the right-of-way State Route 22 but shall not be extended to impede the use of the new driveway either by the plaintiffs or defendants. It seems pretty obvious to me that you are no more — less than a car length from the pavement to the pillar; and the driveway is a foot, 4 inches narrower than it's supposed to be. Certainly the pillar impedes the use — hinders the use of the driveway.
T. at 37-38.
Appellant argues this is a contempt finding. We do not find it to be a contempt finding but an attempt by the trial court to enforce the previous agreed order. The trial court gave appellant thirty days "to work it out." T. at 38. If appellant failed to work it out, the trial court informed appellant "I can tell you to do it. If you don't do it, I can sentence you for contempt." T. at 39. Thus far, no contempt finding has been made and no penalties or sanctions have been imposed. Civil contempt is designed to be "remedial or coercive." Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, 253. The purpose of imposing sanctions for civil contempt "is to coerce compliance with the underlying order or to compensate the complaint for loss sustained by the contemnor's disobedience." Contex, Inc. v. Consolidated Technologies, Inc. (1988), 40 Ohio App.3d 94, 95. The burden of proof is clear and convincing evidence. Brown at 254. From our review of the evidence presented, we find insufficient evidence to establish appellant willfully or recklessly disregarded the trial court's order. The uncontradicted evidence is that appellant had the property surveyed, contacted the Ohio Department of Transportation as to the right of way and the type of fence that was permissible and constructed the fence four to six inches on her side of the property line and six to twelve inches from the state highway easement. T. at 23-25. Clearly appellant's actions complied with the objective requirements of the agreed order. Appellees complain the subjective element of the agreed order has not been complied with because the barrier impedes the ingress and egress from their property. T. at 8. As stated in Assignment of Error I, appellant argues over two thousand vehicles per week travel by the barrier and only one accident has occurred, the cause of which was reckless operation. T. at 26, 27-28. We cannot say these facts lead to proof of any civil or criminal contempt. Furthermore, we conclude there is no finding of contempt. Assignments of Error II and III are moot.
 IV
Appellant claims the trial court should have recused himself. We disagree. No recusal motion was made but appellant argues her trial counsel was deficient in that regard. Civil cases do not carry the constitutional right to representation therefore ineffective assistance of trial counsel is not a proper subject for appellate review sub judice. Assignment of Error IV is denied. The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.