OPINION
Appellant, Robert Dillon, appeals from the October 6, 2000 judgment entry of the Portage County Court of Common Pleas finding him in contempt of court.
The Portage County Agricultural Society owns seven lots within the Fair District of Randolph Township ("the fair district"). Four of the lots ("the fairgrounds") are used for county fairs and other agricultural events. Three of the lots ("the prohibited lots") are vacant fields and are used for county fair parking or similar events. On August 5, 1998, the Portage County Court of Common Pleas enjoined appellant from using the prohibited lots for swap meets or swap meet parking.
On May 28, 1999, appellant sponsored an auto parts swap meet at the fairgrounds. Appellant testified that he hired the young marines of Ravenna and Green Leaf Security of Medina to assist with parking. He further testified that he barricaded the prohibited lots so that swap meet attendees would not have access to them.
Gary Harrison ("Harrison"), the assistant zoning inspector for Randolph Township, testified that he saw between eight hundred and one thousand cars parked in the prohibited lots on the morning of May 28, 1999. He also stated that there was a rabbit show in progress at the same time as the swap meet. Because the rabbit show dealt with an agricultural topic, attendees of the show could park in any of the seven lots within the fair district. Harrison, however, estimated that two people attended the rabbit show. He also testified that he witnessed a few people carrying car parts from the fairgrounds out to their cars which were parked in the prohibited lots.
Dan Kolasky ("Kolasky"), the Randolph Township zoning inspector, testified that he also saw as many as one thousand cars parked in the prohibited lots, and that he did not believe that the passengers in those cars were attending the rabbit show. He also indicated that the parking attendants made no effort to determine whether people were attending the swap meet or the rabbit show; they simply directed the cars into the prohibited lots.
On September 15, 1999, James Klodt ("Klodt"), as Randolph Township zoning inspector[1], filed a motion to show cause why appellant should not be held in contempt of court for failing to obey the preliminary injunction. Hearings on the matter were held on October 12, 1999, and July 10, 2000. On August 22, 2000, the trial court found appellant in contempt of court. A sentencing hearing was held on September 28, 2000, and, in a judgment entry dated October 6, 2000, the trial court sentenced appellant to ten days in jail and fined him $250.[2]
Appellant has filed a timely appeal and makes two assignments of error:
 "[1.] The trial court's finding of contempt is against the manifest weight of the evidence.
 "[2.] The trial court erred in failing to find that the evidence established impossibility of compliance as a defense of the contempt action."
 In his first assignment of error, appellant argues that it was not established beyond a reasonable doubt that he intended to defy the preliminary injunction. Therefore, the trial court's finding of contempt was against the manifest weight of the evidence. We disagree.
Initially, we would note that in a civil contempt proceeding, the standard of proof is clear and convincing evidence of guilt. Brown v.Executive 200, Inc. (1980), 64 Ohio St.2d 250, 253. Whether a contempt proceeding is civil or criminal in nature depends on the character and purpose of the punishment. Id. In a civil contempt proceeding, the punishment is intended to coerce the contemnor to obey a court order. Id. The punishment in a criminal contempt proceeding is characterized by an unconditional prison sentence, which serves as punishment for a completed act of disobedience. Id. at 254. Since the jail sentence in this case was conditional, the contempt proceeding was civil in nature, and the applicable standard of proof was clear and convincing evidence.
Pursuant to State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, 1994 WL 738452, at 5, in determining whether a verdict was against the manifest weight of the evidence, this court reviews the entire record, weighs the evidence and all reasonable inferences therefrom, considers the credibility of witnesses, and determines whether the trier of fact lost its way in resolving conflicts in the evidence, thereby creating a miscarriage of justice.
In the instant case, there was evidence that, although appellant had hired parking attendants for the swap meet, they did not attempt to keep swap meet attendees from parking in the prohibited lots. Kolasky testified that "cars were being shuffled directly into that lot that wasn't supposed to be used for a swap meet purpose." Both Kolasky and Harrison testified that there were between eight hundred and one thousand cars parked in the prohibited lots. Further, the evidence suggests that only a handful of the people who parked in the prohibited lots were attending the rabbit show. Clearly, appellant did not take the necessary steps to prevent swap meet attendees from using the prohibited lots. Therefore, we conclude that the trial court's finding of contempt was not against the manifest weight of the evidence and that his first assignment of error lacks merit.
In his second assignment of error, appellant contends that it was impossible for him to comply with the preliminary injunction. We disagree.
The testimony presented at the hearing indicated that, while appellant marked the prohibited lots, the parking lot attendants he hired made no effort to prevent swap meet attendees from parking in them. On the contrary, they directed cars into the prohibited lots. While appellant may not be able to achieve one hundred percent compliance with the preliminary injunction, the testimony that between eight hundred and one thousand swap meet attendees parked in the prohibited lots supports the conclusion that appellant condoned this activity and that he made no effort to comply with the terms of the preliminary injunction. Therefore, appellant's second assignment of error lacks merit.
For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.
 ____________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., GRENDELL, J., concur.
[1] Klodt apparently replaced Kolasky as zoning inspector at some point between May 28, 1999 and September 15, 1999.
[2] The jail time was suspended on the condition that appellant commit no future violations of the preliminary injunction at issue in this case.