DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the judgment of the Williams County Court of Common Pleas which found appellant, Gayland Mitchell, in contempt of court for failing to comply with the court's order of visitation and companionship. Appellants, Gayland Mitchell and Toni Filip, filed a pro se appeal of the trial court's decision. For the reasons that follow, we affirm the decision of the trial court.
Initially, we note that appellant Toni Filip was not held in contempt of court. Filip was not a party to the action either at the time the magistrate ordered the July visitation schedule or when that schedule was violated. Accordingly, the only issue that was decided that applies to Filip concerns whether to make her a party. As noted by the trial court in the July 30, 2001 hearing, Filip consented on July 26, 2001, to being made a party to the action and, in fact, requested to be notified of pending matters. Insofar as Filip makes no arguments on appeal concerning this issue, we sua sponte dismiss this appeal as to Filip.
Appellant, Gayland Mitchell, however, argues that the trial court erred in finding him in contempt. Specifically, appellant argues that he is not in contempt because he believed the magistrate's decision concerning the July visitation schedule was erroneous or, alternatively, because he believed he was rightfully exercising his right to uninterrupted vacation of not more than two weeks as set forth in Schedule A.
Contempt proceedings may be used by a domestic relations court to enforce a divorce decree.[1] A finding of contempt will not be reversed absent a showing of an abuse of discretion.[2] An abuse of discretion is more than mere error of law; it "implies that the court's attitude is unreasonable, arbitrary or unconscionable."[3]
The trial court's July 10, 2001 judgment clearly provided that the summer visitation schedule would deviate from Schedule A. Appellant acted in violation of the trial court's July 10, 2001 judgment by failing to alternate weekends during the month of July, as required by the trial court's order. Accordingly, we find that the trial court did not abuse its discretion in holding appellant in contempt. The first and second assignments of error are therefore found not well-taken.
In his third assignment of error, appellant argues that the trial court erred by attempting to punish appellant for his contempt by taking away five days of visitation at the beginning of July 2002. We find that the trial court is entirely within its discretion to punish appellant, on the basis of civil contempt, for past violations.[4] Accordingly, we find appellant's third assignment of error not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Williams County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.
[1] R.C. 2705.02; and Harris v. Harris (1979),58 Ohio St.2d 303.
[2] State ex rel. Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69,75.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[4] See Brown v. Executive 200 (1980), 64 Ohio St.2d 250, 253-4.