This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Brent H. Birch, appeals from a judgment of conviction in the Summit County Court of Common Pleas. We affirm.
On August 21, 2001, Birch was indicted on two counts of nonsupport of his dependent child in violation of R.C. 2919.21. Each count was in regard to a separate two-year time period. A plea of not guilty was entered in his behalf.
Thereafter, Birch moved the trial court for an order dismissing the cause of action on the grounds that it violated the protections of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. Specifically, Birch contended that the State could not bring these charges against him because he had previously been held in contempt for failure to pay child support by the domestic relations court and had served 35 days in prison. To convict him on the present charges, Birch claimed, would put him in peril of multiple punishments for the same offense.
The State countered, inter alia, that Birch's prior contempt of the domestic relations court was a civil contempt and, therefore, the principles of double jeopardy did not preclude Birch from being criminally indicted for the same conduct.
The trial court denied the motion to dismiss, accepted a plea of no contest, and found Birch guilty of nonsupport as set forth in the first count of the indictment. The second count was dismissed. Birch was sentenced to one year of incarceration, suspended upon the condition that he complete two years of community control and that he make monthly payments of $389.21 in child support. Birch appealed from his conviction and has assigned one error for review.
 Assignment of Error "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS, ISSUING A FINDING OF GUILTY AND IN SENTENCING APPELLANT AS PRIOR TO THIS CASE, APPELLANT WAS FOUND GUILTY AND SENTENCED FOR THE IDENTICAL OFFENSE, THEREBY VIOLATING THE DOUBLE JEOPARDY PROVISION CONTAINED IN THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION."
This assignment of error presents the same issue to this Court as was before the trial court on Birch's motion to dismiss: whether this prosecution for nonsupport is barred by the principles of double jeopardy because of a prior finding of contempt in the domestic relations court.
The Double Jeopardy Clause of the United States Constitution will protect an individual from multiple criminal punishments for the same offense. Hudson v. United States (1997), 522 U.S. 93, 99,139 L.Ed.2d 450. The protections against double jeopardy apply to contempt proceedings where the sanction or penalty imposed by the court is criminal and not civil in nature. See id. at 101. Therefore, the threshold question before this Court is whether the sanction imposed by the domestic relations court was civil or criminal in nature.
On September 11, 2000, Birch was found to be in contempt by the domestic relations court for failure to pay child support and was sentenced to serve 35 days in jail. He was given the opportunity to purge himself of the contempt and avoid incarceration by making payments towards arrearages, in addition to his monthly obligation. Birch was ordered to appear before the court on February 13, 2001 to determine whether he had met the conditions for purging the contempt. At a hearing held at that time, it was determined that Birch had not met the conditions. The sentence announced earlier was, therefore, imposed. Birch contends that the February order changed the contempt from civil to criminal because the sentence became unconditional at that point.
As both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt by the "character and purpose of the punishment." Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250,253. See, also, Shillitani v. United States (1966), 384 U.S. 364, 369,16 L.Ed.2d 622, quoting Gompers v. Bucks Stove Range Co. (1911),221 U.S. 418, 441, 55 L.Ed. 797. "[T]he pertinent test is `what does the court primarily seek to accomplish by imposing sentence?'" State ex rel.Corn v. Russo, 90 Ohio St.3d 551, 554-555, 2001-Ohio-15, quotingShillitani, 384 U.S. at 370. Additional guidance may come from statutory construction and whether the legislature intended the penalty to be civil or criminal. Hudson, 522 U.S. at 99.
Civil contempt sanctions are designed for remedial or coercive purposes and are for the benefit of the complainant. Corn, 90 Ohio St.3d at 555, citing Shillitani, 384 U.S. at 370; Executive 200, Inc.,64 Ohio St.2d at 253. Under civil contempt, prison sentences are usually conditional, affording the contemnor an opportunity to purge himself of contempt. "The contemnor is said to carry the keys of his prison in his own pocket, since he will be freed if he agrees to do as so ordered." (Citation omitted). Id.
On the other hand, criminal contempt sanctions are not coercive, but punitive in nature and are intended to vindicate the authority of the law and the court. Corn, 90 Ohio St.3d at 555, citing Denovchek v. TrumbullCty. Bd. of Commrs. (1988), 36 Ohio St.3d at 15; Executive 200, Inc.,64 Ohio St.2d at 253-254. In order to constitute criminal contempt, a civil sanction must have an "overriding punitive purpose[.]" State v. Kilbane
(1980), 61 Ohio St.2d 201, 206.
In this case, the trial court entered judgment on September 11, 2000. Birch "held the key" to avoiding incarceration upon the judgment. That key was to pay his monthly support obligations and also to pay a specified amount towards arrearages. The jail sentence was clearly intended to be remedial and encourage Birch to make payments towards his support obligation. Birch had the ability to avert the imposition of that sentence, but failed to do so before February 2001. The fact that the sentence came to be subsequently imposed was not so much a result of the court's action, as it was a result of Birch's decision. Birch's decision not to purge the contempt did not cause the sentence of the court to change from civil to criminal; it did not cause the sentence to become punitive. There is nothing in the record that supports such a conclusion. Moreover, there is nothing in the record that suggests that the domestic relations court was any less motivated in February 2001 than it was in September 2000 towards obtaining Birch's compliance with the lawful orders of the court or more motivated towards vindication of the authority of the court. See Kilbane, 61 Ohio St.2d at 205.
The State has cited the recent case of State v. Martin (Mar. 27, 2001), 5th Dist. No. 00CA003 in its brief to this Court. In Martin, the contemnor was found to be in contempt for failing to pay child support as previously ordered by the court. He was sentenced to thirty days in jail, and sentence was suspended upon certain conditions. Seven months later, the court found that the contemnor had not met the conditions and imposed the thirty-day sentence. Eventually, Martin was criminally indicted for nonsupport. Martin filed a motion to dismiss, claiming the prosecution was barred by double jeopardy and entered a plea of no contest. TheMartin court found that the original contempt proceeding was civil in nature because the sanction was clearly designed to coerce appellant to comply with the trial court's order and because appellant would only serve the suspended sentence if he failed to comply with the conditions set forth in the trial court's order.
The facts of Martin parallel those of the case before us and we find the reasoning in Martin to be equally applicable to the case at bar. The sanction imposed by the domestic relations court was designed to coerce Birch to comply with the child support order and Birch would only serve the suspended sentence if he failed to comply with the conditions set forth in that order.
Furthermore, we conclude that the primary purpose of the sanction was remedial and intended to coerce compliance with the support order. The punishment did not reveal an overriding punitive purpose. Accordingly, the trial court did not err in denying Birch's motion to dismiss. Birch's sole assignment of error is overruled.
The assignment of error is overruled. The judgment of the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., BATCHELDER, J. CONCUR.