OPINION
{¶ 1} Appellant Attorney Joseph Kearns appeals from the February 5, 2002, Decision and Judgment Entry of the Ashland County Court of Common Pleas, Domestic Relations Division, finding appellant guilty of indirect contempt of court and fining appellant $500.00.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was the attorney for Catherine L. Basore in a divorce case in Ashland County Common Pleas Court. On March 21, 2001, appellant was late for an 8:45 a.m. hearing in the divorce proceeding, arriving at approximately 8:51 a.m. When the Magistrate inquired as to the reason for his tardiness, appellant replied that he "was getting the papers together for today's proceedings". Transcript of March 21, 2000, hearing at 2. Based upon appellant's tardiness, as well as appellant's failure to appear for a prior hearing in another case in the trial court, the Magistrate found appellant to be in direct contempt of court and recommended that appellant be fined $200.00. The Magistrate, in his March 21, 2001, Order, stated, in relevant part, as follows:
 {¶ 3} "At the appointed time, all parties and counsel for defendant were present at the Courtroom. Counsel for plaintiff, Joseph P. Kearns, Jr., however was not present. Mr. Kearns ultimately arrived at approximately 8:51 a.m., without excuse for his tardiness, other than he was "preparing for the hearing." Mr. Kearns was provided with a brief hearing to explain his tardiness, but failed to make any apology to the Magistrate, opposing counsel, or the parties, or otherwise explain his failure to timely appear other than for the statement reflected above.
 {¶ 4} "The Magistrate notes that at the time of Attorney Kearn's last scheduled appearance before the Magistrate on March 7, 2001, in Case No. 00-DIV-11039, Mr. Kearns failed entirely to appear for trial on behalf of his client, without any prior notice or apology to the court, opposing counsel, or the parties.
 {¶ 5} "The Magistrate finds that the conduct of Mr. Kearns in failing to appear promptly for hearings constitutes misbehavior of an officer of the court in the performance of his official duties, and therefore constitutes a direct contempt of court. . ."
 {¶ 6} After appellant filed an objection to the Magistrate's Order, the trial court, as memorialized in a Judgment Entry filed on April 2, 2001, affirmed the Magistrate's March 21, 2001, Order.
 {¶ 7} Appellant timely appealed from the trial court's April 2, 2001, Judgment Entry, arguing, in his sole assignment of error, that the Magistrate erred in finding appellant to be in direct contempt of court. Pursuant to an Opinion filed on December 20, 2001, in Basore v. Basore
(Dec. 20, 2001), Ashland App. No. 01-COA-01410, this Court sustained appellant's assignment of error, specifically finding that appellant was not in direct criminal contempt and that the trial court, therefore, erred by classifying appellant's conduct as a direct contempt. This Court, in its Opinion, further held that because appellant's conduct did not constitute direct contempt, appellant was entitled to the "procedural protections set forth in R.C. 2705.03." For such reason, we remanded the matter back to the trial court for proceedings in accordance with R.C.2705.03.
 {¶ 8} Thereafter, a hearing before the trial court was held on February 4, 2002. At such hearing, no sworn testimony was taken. Rather, at such hearing, appellant made an oral statement to the trial court. Appellant, in his statement, indicated, in part, as follows:
 {¶ 9} "But the day in question on the Basore case, Your Honor, I had been prepared for trial. Was ready to go to trial. I was getting some copies made off when I realized that the copies I had run off, they were not properly marked as plaintiff's exhibits, and that was one thing I'd overlooked. I wanted to make sure I properly prepared for trial.
 {¶ 10} "I have in my hand, Your Honor, the exhibit list where I had on that date 14 separate multi-page exhibits. The only exhibit that wasn't multi-paged was the deed. I had to run each and every one of those exhibits off, make sure the were stapled, collated, had to go through and mark everyone.
 {¶ 11} "At that point I ran over to the court, when I entered the courtroom and found out from the magistrate I was late for that hearing. I at no time intended to be late. It's just that that one last-minute thing threw me off kilter a little bit as far as the time.
 {¶ 12} "But at no time did I ever mean any disrespect for the court. I did not mean to delay the proceedings. And had it not been for that one last-minute thing, I thought I was prepared.
 {¶ 13} "But I wanted to make sure that I had, pursuant to the court's orders, that the opposing parties were presented with all copies of all exhibits properly marked.
 {¶ 14} "When I realized that that was not in the file, that's when I ran the copies off and then literally ran over to court and found myself in that predicament.
 {¶ 15} "But I would hope that the court understands and realizes that at no time in any of those circumstances did I ever mean disrespect to the court. Never meant to — for the actions that happened to happen.
 {¶ 16} "This has been a learning experience for me, to say the least. I've taken steps to assure that nothing like that would ever happen again, such as checking my watch to make sure.
 {¶ 17} "As the court is aware, the clock on the wall is different from the time when the court heard the chimes from the church up the street, which is different from the watch on my wrist.
 {¶ 18} "And but even still, at this point I try to get to court even before that so there's absolutely no doubt in question whatsoever.
 {¶ 19} "I'd ask the court to consider that under the totality of the circumstances, that my actions were not contumacious to the court. I never intended any disrespect to the court or contemptuous action to the court.
 {¶ 20} "I would ask the court not find contempt in this matter. . . ." Transcript of February 4, 2002, hearing at 7-9.
 {¶ 21} Appellant further indicated that his tardiness "was definitely not intentional." Transcript of February 4, 2002, hearing at 9.
 {¶ 22} Following appellant's statement, the trial court found appellant guilty of indirect contempt stating on the record, in relevant part, as follows:
 {¶ 23} ". . . The court would indicate that the finding of indirect contempt by the magistrate in this matter — and the court has reviewed the transcript of that hearing as well.
 {¶ 24} "And the court would find that that finding of contempt was proper and appropriate. And the court is making that finding of indirect contempt at this time.
 {¶ 25} "The court would further indicate that the prior case, although not the basis for this contempt itself, certainly did put Mr. Kearns on notice that the magistrate's court expected counsel to be present and to be on time.
 {¶ 26} "The court would further indicate that the fact that perhaps Mr. Kearns has modified his behavior and has been appropriately on time for court hearings since this event would indicate that the magistrate's finding was appropriate and necessary in order to make that occur.
 {¶ 27} "The court would further indicate that there are more parties and counsel involved in any given case than just Mr. Kearns. And every time Mr. Kearns is late or fails to appear for a hearing, that causes inconvenience to parties; it causes inconvenience to witnesses; it causes inconvenience to other counsel; and it causes inconvenience to the court." Transcript of February 4, 2002, hearing at 10. After indicating that it found the previous penalty of $200.00 insufficient "to properly catch the attention of a busy practicing attorney", the trial court increased the fine to $500.00. Transcript of February 4, 2000, hearing at 11. The trial court's decision was memorialized in a Decision and Judgment Entry filed on February 5, 2002.
 {¶ 28} It is from the trial court's February 5, 2002, Decision and Judgment Entry that appellant now appeals, raising the following assignments of error:
 {¶ 29} "I. THE TRIAL COURT ERRED WHEN IT DETERMINED APPELLANT TO BE IN CONTEMPT WITHOUT ANY FINDING OF RECKLESSNESS.
 {¶ 30} "II. THE TRIAL COURT ERRED WHEN IT MADE ITS RULING CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE WHEREIN THE COURT DID NOT MEET THE BURDEN OF PROOF BEYOND A REASONABLE DOUBT.
 {¶ 31} "III. THE TRIAL COURT ERRED IN ENTERING A GREATER FINE ON REMAND THAT WAS VINDICTIVE IN NATURE."
 I, II {¶ 32} As we find these two assignments of error to be related, we choose to address them together.
 {¶ 33} When appellate review of a contempt adjudication entails an inquiry into the weight of the evidence to sustain the judgment, the applicable standard of review turns upon the nature of the contempt decree. A finding of civil contempt may be made upon clear and convincing evidence, whereas a judgment of criminal contempt requires proof beyond a reasonable doubt. Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250,416 N.E.2d 610.
 {¶ 34} The trial court, in the case sub judice, found appellant guilty of indirect criminal contempt.[1] Criminal contempt is usually characterized by unconditional fines or prison sentences. In re Purola
(1991), 73 Ohio App.3d 306, 311, 596 N.E.2d 1140. In the case of criminal contempt, there is no requirement that the person charged be permitted to purge him or herself of the contempt. See Brown, supra. The absence of an opportunity to purge oneself when charged with criminal contempt is appropriate because the purpose of criminal contempt is punitive. Id. Appellant, in this matter, was unconditionally fined $500.00 with no opportunity to purge and, thus, was found guilty of criminal contempt.
 {¶ 35} A person, such as appellant, charged with indirect criminal contempt is entitled to all the procedural due process protections afforded in criminal proceedings, including the right to notice of the charges, the right to defend oneself and be heard, the right to counsel and the right that there be proof beyond a reasonable doubt to support a conviction. United Mine Workers v. Bagwell (1994), 512 U.S. 821, 826,114 S.Ct. 2552, 129 L.Ed.2d 642. See also Brown, supra. There must be proof that the alleged contemnor intended to defy the court. Midland SteelProds. Co. v. U.A.W. Local 486 (1991), 61 Ohio St.3d 121, 573 N.E.2d 98, paragraph two of syllabus. As noted by the court in In re Contempt ofMgbaraho, Cuyahoga App. No. 80387, 2002-Ohio-3429: "In cases of indirect criminal contempt, intent is an essential element." The intent required to prove criminal contempt for a late appearance is reckless or indifferent disregard of the trial court's order to appear at a stated time. See East Cleveland v. Reed (1977), 54 Ohio App.2d 147, 151-152,376 N.E.2d 973.
 {¶ 36} Based upon our review of the record and the facts noted supra, we find there is sufficient proof appellant's late appearance was reckless even if appellant intended no disrespect of the court.
 {¶ 37} Appellant's first and second assignments of error are overruled.
 III {¶ 38} In his third assignment of error, appellant contends that the trial court improperly entered a "greater fine on remand that was vindictive in nature." We agree.
 {¶ 39} In North Carolina v. Pearce (1969), 395 U.S. 711, the United States Supreme Court found the imposition of a more severe punishment after having succeeded in getting the original conviction set aside would penalize those who choose to exercise constitutional rights and would be patently unconstitutional. The Supreme Court stated: "Due process of law then, requires that a vindictiveness against the defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." Id. at 725.
 {¶ 40} That is not to say a trial court could never impose a greater sanction after a successful appeal. However, the reason "* * * must be based upon objective information concerning indentifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." Id. at 726.
 {¶ 41} In the case sub judice, the trial court's reason for increasing the fine was to "properly catch the attention of a busy practicing attorney." As this reason is not premised upon conduct of the appellant occurring after the time of the original assessment of the fine for contempt, we find the trial court erred in increasing appellant's fine subsequent to his successful appeal.
 {¶ 42} Appellant's third assignment of error is sustained.
 {¶ 43} Accordingly, the judgment of the Ashland County Court of Common Pleas is affirmed in part and reversed in part.
By Hoffman, P.J., Wise J. concurs.
Edwards, J. dissents.
topic: Contempt.
[1] This Court, in our December 20, 2001, Opinion, while holding that appellant was not in direct criminal contempt, stated as follows: "[w]e do not express any opinion on the merits of an indirect contempt citation under the facts of this case."