DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal is from the March 11, 2003 judgment of the Huron County Court of Common Pleas, Juvenile Division, which approved the decision of the magistrate denying the motion for contempt filed by appellant, Norman J. Hopkins. Finding that the court applied the correct standard of law, we affirm the decision of the lower court. Appellant asserted the following assignments of error on appeal:
 {¶ 2} "I. The trial court erred to the prejudice of Norman J.H. in adopting the magistrate's decision where the magistrate failed to follow case law that proof of scienter is not required in civil contempt proceedings.
 {¶ 3} "II. The trial court erred to the prejudice of Norman J.H. in adopting the magistrate's decision where the magistrate erroneously required proof beyond a reasonable doubt in a civil contempt proceeding.
 {¶ 4} "III. The trial court erred to the prejudice of Norman J.H. in adopting the magistrate's decision wherein the magistrate erroneously placed the burden of proof of an affirmative defense on the moveant."
 {¶ 5} On April 16, 2002, appellant filed a motion to show cause/modify custody/parental rights and responsibilities. In that motion, appellant contended that appellee had not complied with the court's September 11, 2000 judgment regarding visitation. Appellant alleged that he was denied visitation on Christmas 2001 and that appellee interferes with his weekly telephone visitation.
 {¶ 6} In its January 21, 2003 decision, the magistrate found that the Christmas visitation did not happen because of a dispute between the parties that arose at the police station where the transfer was to be made. However, the court could not ascertain beyond a reasonable doubt who caused the missed visitation. Furthermore, the magistrate found that while the father diligently makes his weekly phone call, his call is not timely returned or the child is not available to take the call. The magistrate concluded that it could not find beyond a reasonable doubt that appellee was interfering with the weekly telephone visits. The magistrate noted that the child is seven years old and cannot yet monitor the time in order to make himself available to take the call or to make the call himself.
 {¶ 7} Appellant filed objections to the magistrate's decision. He objected to the magistrate's requirement that appellant prove: 1) the facts of the contempt proceeding beyond a reasonable doubt and 2) that appellee intentionally violated the court's order. Furthermore, appellant argued that the magistrate erroneously placed on him the burden of proving that appellee violated the order. On March 11, 2003, the court approved the decision of the magistrate and denied the objections of appellant.
 {¶ 8} On appeal, appellant argues that the trial court erred by approving the magistrate's decision which employed a reasonable doubt standard, required proof of scienter, and imposed upon appellant the burden of proving that appellee intentionally violated the court's order regarding visitation. We find all of appellant's assignment to be without merit.
 {¶ 9} Criminal contempt must be proven beyond a reasonable doubt.Brown v. Executive 200 (1980), 64 Ohio St.2d 250, at the syllabus. Furthermore, in cases involving indirect criminal contempt, the court must find that the party intended to violate the court's order. MidlandSteel Products, Co. v. Internatl. Union, United Automobile, Aerospace,and Agricultural Implement Workers of America, Local 486 (1991),61 Ohio St.3d 121, 128.
 {¶ 10} In the magistrate's July 11, 2002 decision, the magistrate explained appellee's rights to her regarding the contempt charges and appellee entered a plea of not guilty to the charges. Therefore, it is clear from the record that the court classified this contempt proceeding as a criminal contempt. All of appellant's arguments are premised upon a belief that this was a civil contempt charge. Therefore, we find all of appellant's assignments of error not well-taken.
 {¶ 11} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Huron County Court of Common Pleas, Juvenile Division, is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
 JUDGMENT AFFIRMED.