OPINION
On September 27, 1988, appellant, James McFarland, and appellee, Edith McFarland, were married. Three children were born as issue of the marriage: Ariel, born April 11, 1989; Jacob, born September 26, 1991; and Morgan, born March 1, 1995. On October 10, 1996, appellee filed a complaint for divorce. Following hearings and subsequent objections, the trial court issued a judgment decree of divorce on August 14, 1998. The trial court named appellee as the residential parent of the children.
Both parties filed post-decree motions. Appellee sought to have appellant be held in contempt for failure to pay certain bills and for obtaining unauthorized medical attention for the children. Appellant sought several things including an award of attorney fees and court appointed counsel. By judgment entry filed January 9, 2001, the trial court found appellant in contempt for non-payment of a veterinary bill and mediation fees. The trial court sentenced appellant to six days in jail, suspended on the condition of payment. The trial court revised the visitation orders and restrained appellant from seeking non-emergency medical care for the children. The trial court also provided guidelines for non-emergency communications between the parties.
Appellant filed a pro se notice of appeal and this matter is now before this court for consideration. As appellant failed to list any assignments of error pursuant to App.R. 16(A)(3), we glean the following assignments from appellant's arguments:
 I THE TRIAL COURT'S FINDING THAT APPELLANT WAS IN CONTEMPT OF COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II THE TRIAL COURT ABUSED ITS DISCRETION IN NOT PERMITTING APPELLANT TO SEEK MEDICAL CARE AND TREATMENT FOR THE CHILDREN.
 III THE TRIAL COURT ABUSED ITS DISCRETION IN LIMITING ALL COMMUNICATIONS BETWEEN THE PARTIES TO WRITTEN FORM.
 IV THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO PAY COURT COSTS.
 V THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO PAY ATTORNEY FEES ASSOCIATED WITH APPELLEE'S FILING AND PROSECUTION OF THE CONTEMPT MOTION.
 VI APPELLANT OBJECTS TO VARIOUS FINDINGS AND STATEMENTS IN THE TRIAL COURT'S JUDGMENT ENTRY.
Appellant's assignments of error challenge the trial court's finding of contempt, revision of the Loc.R. 19 visitation order and order on medical treatment for the children. Although appellant cites seven specific issues he has with the trial court's judgment entry of January 9, 2001, he did not follow App.R. 16(A)(3) in designating specific assignments of error. Instead, appellant raises issues for review. We will attempt, as did appellee's counsel, to formulate the issues into assignments of error.
 I
Appellant claims the trial court's finding of contempt to be against the manifest weight of the evidence. We disagree.
R.C. 2705.02(A) states a person may be punished for contempt for "[d]isobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer." A contempt finding may be civil or criminal in nature. In Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, 253-254, the Supreme Court of Ohio discussed the distinction between civil and criminal contempt as follows:
 While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment. * * * Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket * * * since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court. * * * (Citations omitted.)
In the case sub judice, the trial court found appellant guilty of contempt and sentenced him to six days in jail, suspended on the condition of payment. This finding of contempt was civil in nature because although the trial court sentenced appellant to jail time, it provided a purge mechanism i.e., suspension of the jail time on the condition appellant pay the veterinary bill and the mediation fees; appellant had the "keys of his prison in his own pocket."
To make a finding of civil contempt, the evidence must be clear and convincing. Brown at 253. This court will not reverse a finding of civil contempt absent a showing of an abuse of discretion. State ex rel,Ventrone v. Birkel (1981), 65 Ohio St.2d 10. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Further, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson (1993), 66 Ohio St.3d 610.
In appellee's post-decree motion for contempt filed January 12, 2000, she requested the following:
 An order finding Defendant in contempt for his failure to pay debts, to abide by the visitation order, and for taking the children to health care professionals without the knowledge or consent of Plaintiff.
 An order requiring Defendant to provide all transportation regarding his visitation.
 An order restraining Defendant from calling Plaintiff on the phone in non-emergency situations.
 An order granting her attorney fees and litigation expenses.
Appellant claims he cannot be held in contempt for failure to pay the veterinary bill and the mediation debt because the divorce decree did not set a specific date for when such payments were to be made. The debt allocation in the August 14, 1998 divorce decree was as follows:
 9. DEBTS: The Defendant shall pay the utility bills associated with the former marital residence and save the Plaintiff harmless from any liability thereon. The Defendant shall pay 75 percent of the balance due on the Visa account and the Plaintiff shall pay 25 percent of such balance. This is based upon the Defendant's being awarded the refrigerator and mower. The Court finds this division to be appropriate as the balance of purchases above these items (that is sums above $698.00 of the balance) was for family household items. If the Plaintiff takes the refrigerator, then each party shall pay one half of the balance due on the Visa account.
 The Defendant shall pay the hauling bill, the bill for surgery for his dog and one half of the mediation bill. The Plaintiff shall pay the remaining half of the mediation bill.
The divorce decree was filed on August 14, 1998, some seventeen months prior to the motion for contempt on non-payment. As noted by the trial court, appellant admitted that he had not paid these debts. Absent a specific time in the divorce decree as to when the debts were to be paid, the trial court imposed a standard of "reasonable length," and found seventeen months to be unreasonable:
 In resolving the remaining two debts, it is clear that the defendant was obligated to pay both the surgery on the dog and one-half the mediation bill. The Court finds the defendant's stance that since no time limit was imposed, the Court cannot find him in contempt. The Court finds that in determining the defendant's compliance with the order, the common standard of reasonable length of time is appropriate. For the defendant to have paid nothing on a $149.00 debt and a separate $30.00 debt that he was ordered to pay nearly 18 months earlier is equivalent to disobedience of a Court order. The Court finds the defendant in contempt and sentences him to six days in jail. The sentence is suspended upon the condition the defendant pays both of these debts within 30 days of the filing date of this entry.[1]
Given the admission of appellant that he did not pay the bills as ordered, we cannot say the finding by the trial court that a nearly eighteen month delay was unreasonable was an abuse of discretion.
Upon review, we find the trial court did not err in finding appellant in contempt for failing to make payments as ordered in the divorce decree.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in modifying the divorce decree on the issue of medical treatment for the children. We disagree.
Specifically, it appears appellant wants to be counseled on any medical treatment for the children. The divorce decree found appellee to be the residential parent. R.C. 3109.04(K)(2) specifically designates the residential parent as the person responsible for the "care, custody, and control" of the minor children:
 A parent who primarily is allocated the parental rights and responsibilities for the care of a child and who is designated as the residential parent and legal custodian of the child under an order that is issued pursuant to this section on or after April 11, 1991, and that does not provide for shared parenting has `custody of the child' and `care, custody, and control of the child' under the order, and is the `residential parent,' the `residential parent and legal custodian,' or the `custodial parent' of the child under the order.
"Care, custody, and control" necessarily includes the right to control medical care. Raid v. Raid (1986), Montgomery App. Nos. CA 9589 CA 9732, unreported. In dicta in the judgment entry on the contempt, the trial court explained to appellant the status of the "residential parent" under Ohio law. In so doing, the trial court neither modified nor expanded the role of the residential parent given in the original divorce decree.
Assignment of Error II is denied.
 III
Appellant claims the trial court abused its discretion in ordering that he put all questions and concerns about the children in writing. We disagree.
Trial courts have broad discretion in determining matters related to visitation. Appleby v. Appleby (1986), 24 Ohio St.3d 39; Blakemore. In its judgment entry filed January 9, 2001, the trial court ordered the following:
 The plaintiff's request that the defendant be restrained from phoning her concerning any non-emergency basis is problematic. The Court directs that if the defendant has a particular concern relating to the children, he must put it in writing and either mail it to plaintiff or deliver it at the time of the exchange. The plaintiff must call the defendant within a time span specified by the defendant but no later than 24 hours.
 Otherwise, the defendant shall NOT contact the plaintiff via the telephone except in an emergency involving the children.
It is obvious the parties are having difficulties in communicating about the children. Trial courts in this state have the right to interpret and explain their own entries. Trifiletti v. Wolford (November 8, 2000), Lorain App. No. 99CA007513, unreported; Zbuka v. Zbuka (August 3, 1992), Stark App. No. CA-8800, unreported. Further, the very nature of the hearing was a contempt hearing to determine if appellant followed the trial court's orders. The trial court essentially expanded its own Loc.R. 19 visitation order. Upon review, we find no abuse of discretion.
Assignment of Error III is denied.
 IV, V
Appellant claims it was error for the trial court to assess court costs and attorney fees against him. We disagree.
R.C. 3105.18(H) states the following:
 In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees.
An award of attorney fees pursuant to this section is addressed to the sound discretion of the trial court. Donese v. Donese (Sept. 29, 2000), Greene App. No. 2000-CA-17, unreported. In addition, "[a] trial court has discretion to include reasonable attorney fees as a part of costs taxable to a defendant found guilty of civil contempt." State ex rel. FraternalOrder of Police v. Dayton (1977), 49 Ohio St.2d 219, syllabus.
In its judgment entry of January 9, 2001, the trial court awarded appellee $200 in attorney fees. Given the fact that appellant admitted to failing to pay as ordered by the trial court, we cannot find that the trial court abused its discretion in assessing attorney fees against appellant.
As for costs, under Civ.R. 54(D), "[e]xcept when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."
Upon review, we find the trial court did not err in assessing court costs and attorney fees against appellant.
Assignments of Error IV and V are denied.
 VI
Appellant claims the trial court erred in its wording in the judgment entry. We disagree.
Appellant makes several arguments involving the trial court's statements regarding the Visa bill, the veterinary bill, the mediation fees, transference of a lawnmower, retention of the refrigerator, objections to the magistrate's decision and the parties' ability to communicate. We have reviewed each of these specific arguments and find them to be without merit.
Assignment of Error VI is denied.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is affirmed.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. Sheila G. Farmer, J. concur.
[1] The Visa bill was also at issue however, the trial court found said bill and its set-off for a refrigerator was not a basis for contempt. The trial court also found no basis for contempt in the visitation timing and scheduling, nor on the issue of medical treatment for the children.