OPINION
{¶ 1} On November 8, 2001, appellant, Kelly Siglock and appellee, Daniel Graber, entered into an agreed judgment entry regarding the custody, placement, parenting time and support associated with their children, Rebecca Marie born June 5, 1997 and Emma Marie born April 15, 1992.
 {¶ 2} On April 19, 2002, appellee filed a motion to show cause why appellant should not be held in contempt for violating the November 8, 2001 agreed entry. A hearing was held on June 4, 2002. Appellant appeared without counsel. By judgment entry filed same date, the trial court found appellant guilty of contempt and sentenced her to thirty days in jail and imposed a $250 fine plus court costs.
 {¶ 3} Appellant filed a notice of appeal on June 5, 2002. On June 7, 2002, the trial court filed an order modifying the visitation order. An amended notice of appeal was filed on June 12, 2002. This matter is now before this court for consideration. Assignments of error are as follows:
I
 {¶ 4} "THE TRIAL COURT'S ACTION FINDING THE APPELLANT GUILTY OF CRIMINAL CONTEMPT CONSTITUTES AN ABUSE OF DISCRETION AS THE APPELLANT WAS DENIED RIGHT TO LEGAL COUNSEL."
II
 {¶ 5} "THE TRIAL COURT'S ACTION FINDING THE APPELLANT GUILTY OF CRIMINAL CONTEMPT CONSTITUTES AN ABUSE OF DISCRETION AS EVIDENCE CONSTITUTING PROOF BEYOND A REASONABLE DOUBT WAS NOT PRESENTED TO THE COURT."
III
 {¶ 6} "THE TRIAL COURT'S ACTION IN IMPOSING THE PARTICULAR CRIMINAL CONTEMPT SANCTION CONSTITUTES AN ABUSE OF DISCRETION BECAUSE THE TRIAL COURT FAILED TO CONSIDER THE RELEVANT FACTORS ASSOCIATED WITH THE IMPOSITION OF SUCH A SANCTION."
IV
 {¶ 7} "THE TRIAL COURT'S ACTION IN FINDING THE APPELLANT GUILTY OF CIVIL CONTEMPT CONSTITUTES AN ABUSE OF DISCRETION AS EVIDENCE CONSTITUTING CLEAR AND CONVINCING WAS NOT PRESENTED TO THE COURT."
V
 {¶ 8} "THE TRIAL COURT'S ACTION IN IMPOSING A SANCTION AGAINST THE APPELLANT FOR CIVIL CONTEMPT CONSTITUTES AN ABUSE OF DISCRETION BECAUSE THE COURT FAILED TO GIVE THE APPELLANT A CONSTRUCTIVE OPPORTUNITY TO PURGE THAT CONTEMPT PRIOR TO IMPOSITION OF THE SANCTION."
VI
 {¶ 9} "THE TRIAL COURT'S ACTION IN MODIFYING THE VISITATION ORDER AS PART OF ITS ACTION AGAINST APPELLANT IN THE CONTEMPT PROCEEDING CONSTITUTES AN ABUSE OF DISCRETION."
 I, II, III {¶ 10} These assignments of error challenge the trial court's finding of criminal contempt. Appellant claims she was denied her right to counsel, the decision was against the manifest weight of the evidence and the sanction imposed was an abuse of the trial court's discretion.
 {¶ 11} An appellate court's standard of review of a trial court's contempt finding is abuse of discretion. State ex rel. Celebrezze v.Gibbs (1991), 60 Ohio St.3d 69. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 12} A contempt finding may be civil or criminal in nature. InBrown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250, 253-254, the Supreme Court of Ohio discussed the distinction between civil and criminal contempt as follows:
 {¶ 13} "While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment. * * * Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket * * * since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court. * * *" (Citations omitted.)
 {¶ 14} Pursuant to its June 4, 2002 judgment entry, the trial court found appellant's actions to be "willful contempt" and ordered her to serve "30 days in the Stark County Jail — Kelly Siglock shall be released on July 3, 2002 @ 6pm, and [pay] $250 fine and costs."
 {¶ 15} As the record indicates, appellant was placed in the custody of a sheriff's deputy after announcement of the decision in open court. T. at 36. Appellant was released from jail via judgment entry filed June 7, 2002, three days after being taken into custody.
 {¶ 16} Although the trial court characterized the sanction imposed as civil and criminal in nature, the sanction imposed was criminal. T. at 35; Judgment Entry filed June 4, 2002.[1] The trial court attempted to cast the sanction as civil in nature by implying the "go and sin no more language" however, this language has previously been held to be inappropriate. Brett v. Brett, Knox App. No. 01CA000018, 2002-Ohio-1841.
 {¶ 17} We conclude the contempt sub judice is criminal in nature and as a result, appellant should have been granted all the constitutional guarantees afforded a criminal defendant. White v. Gates
(1884), 42 Ohio St. 109.
 {¶ 18} A hearing notice filed October 22, 2001 states "[t]he Court may refuse to grant a continuance at the time of the hearing for you to retain counsel or to obtain a Public Defender." Appellant's attorney filed a motion to withdraw on April 23, 2002. By judgment entry filed May 9, 2002, the trial court sustained the motion and noted "no continuances of pending court hearings for the purpose of Kelly Siglock to obtain other counsel."
 {¶ 19} The record indicates appellant made an attempt to attain a public defender, but missed the appointment because "my OB appointment ran late." T. at 3. The trial court, despite appellant's unsuccessful attempt to attain an attorney, continued on with the hearing.
 {¶ 20} Because the contempt was criminal in nature, the burden of the movant was "beyond a reasonable doubt." Brown, supra. Proof beyond a reasonable doubt "is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs." R.C. 2901.05(D).
 {¶ 21} The motion for contempt alleged appellant violated the following three items from the agreed judgment entry of November 8, 2002:
 {¶ 22} "7. It is further ORDERED, ADJUDGED and DECREED that there shall be free and open communication between the parties in the best interests of the minor children of the parties.
 {¶ 23} "8. It is further ORDERED, ADJUDGED and DECREED that Father may call the children once a week via telephone provided that the duration, and time of the calls is reasonable, and the children may call Father at anytime.
 {¶ 24} "14. It is further ORDERED, ADJUDGED and DECREED that Mr. Daniel Graber, shall continue to pay child support for the minor children of the parties pursuant to the prior orders of the Court. However, the parties agree that said support is being re-calculated pursuant to the Ohio Child Support Guidelines regarding the Motion for Modification of Child Support filed by Father. Any modification of child support shall be retroactive to the date of filing of said Motion. The allocation of the tax dependency exemptions for the minor children of the parties shall also be addressed in conjunction with the re-calculation of the child support. The existence and payment of any arrearages for child support shall also be addressed in conjunction with these matters. A final hearing regarding these issues will occur on the 18 day of Dec, 2001, at 1:10 p.m."
 {¶ 25} During the contempt hearing, appellant explained her telephone had been disconnected for a time, but appellee's father had her cell phone number and appellee had a contact cell phone number that he used. T. at 17, 24. Appellee admitted the cell phone contact was better because "I got to talk to the girls more." T. at 17. Appellee provided statements on appellant's refusal to let the children freely contact him (T. at 18-19), all of which would be inadmissible as hearsay. Evid.R. 801, 802. Appellee claimed appellant took one of the children as a tax deduction, but appellant denied this claim. T. at 19, 28-29. Appellant had supplied appellee's counsel with a copy of her tax return, and challenged him to "let's read it" in open court which he did not do. T. at 28-29.
 {¶ 26} The proof presented sub judice does not meet the standard of "beyond a reasonable doubt." The evidence that telephone contact was cut off was rebutted by appellee's own admission that the substitute contact was in fact better. There was no admissible evidence regarding appellant's interference with the children's contact with appellee. The claim involving the income tax deduction was discredited by the testimony. Based upon these reasons, we find the trial court erred in finding appellant in criminal contempt.
 {¶ 27} Assignments of Error I, II and III are granted.
 IV, V {¶ 28} Given our ruling in the previous assignments of error, we find these assignments to be moot.
 VI {¶ 29} Appellant claims the trial court erred in modifying the visitation order.
 {¶ 30} As noted in fn. 1, the trial court lacked jurisdiction to enter the June 7, 2002 visitation order. Said issue is remanded to the trial court for consideration.
 {¶ 31} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby vacated.
By Farmer, J., Gwin, P.J. and Boggins, J, concur.
Topic: contempt.
[1] A supplemental judgment entry modifying visitation was filed on June 7, 2002 after the filing of the June 5, 2002 notice of appeal. The trial court lacked jurisdiction to file same.