[Cite as *SKF USA, Inc. v. Zarwasch and Heza Seals, L.L.C.*, 2013-Ohio-2543.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No.   99232

---

# SKF USA, INC.

### PLAINTIFF-APPELLEE

## vs.

# ZARWASCH AND HEZA SEALS, L.L.C.

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. JL-12-475738

**BEFORE:**   E.A. Gallagher, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**    June 20, 2013

**ATTORNEYS FOR APPELLANT**

Thomas C. Pavlik
Rochelle L. Paley
Novak Pavlik Deliberato, L.L.P.
Skylight Office Tower
1660 West 2nd Street, Suite 950
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Harry W. Greenfield
Theodore M. Dunn, Jr.
Buckley King L.P.A.
1400 Fifth Third Center
600 Superior Avenue, East
Cleveland, OH    44114

Stephen J. Sundheim
Justin J. Williams
Pepper Hamilton L.L.P.
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA    19103

EILEEN A. GALLAGHER, J.:

{¶1} Appellant, Helmut Zarwasch-Weiss, appeals from the decision of the Cuyahoga County Court of Common Pleas wherein the trial court found him in contempt of court and determined that the assets of A-S Holdings, Inc., and Austro Seal, L.L.C., were part of a court-ordered receivership. Finding no merit to the instant appeal, we affirm the decision of the trial court.

{¶2} In early 2012, the United States District Court for the Northern District of Ohio entered judgment for SKF USA Inc. ("SKF"), and against appellant and Heza Seals, L.L.C. ("Heza"), in the amount of $771,085.62. Appellant was the owner, president and managing member of Heza. During the proceedings before the district court, the court found that the appellant and Heza misappropriated SKF's trade secrets and spoliated evidence on several occasions. SKF transferred the judgment to the Cuyahoga County Court of Common Pleas.

{¶3} After initial attempts to collect the debt were unsuccessful, SKF moved the court to appoint a receiver over Heza's assets. The trial court conducted a hearing and appointed Robert Greenwald as receiver. The receiver order instructed Mr. Greenwald to take immediate control, possession, management and charge of records of Heza's accounting, assets and property. During that same time period, SKF also attempted to garnish appellant's wages from Heza.

{¶4} In August 2012, Mr. Greenwald reported to Heza's facilities to begin his

duties under the receivership order. Mr. Greenwald testified that he knocked on the front door numerous times with no response and then walked around to the back of the building in which he entered through an open overhead door. An employee retrieved the appellant and Mr. Greenwald introduced himself, handed the appellant a copy of the receiver order and followed appellant to the office. Mr. Greenwald testified that he explained to appellant that he was there to take peaceful possession of Heza pursuant to the order. Mr. Greenwald reported that appellant responded by stating "Heza Seal no longer exists and had [Greenwald] done [his] homework [he] would have known that and [he] would have known that there aren't any assets left." Tr. 58.

{¶5} Mr. Greenwald testified that appellant refused to provide any information about Heza other than that it closed a while ago and the assets had been transferred to a new company. When he asked for proof of the closure and transfer, appellant told Mr. Greenwald that the documents did not exist. Appellant did offer Mr. Greenwald what he called "the remaining assets" of Heza, which were on a pallet. Appellant refused to confirm whether the pallet contained items such as customer lists or intellectual property. Additionally, appellant refused to answer Mr. Greenwald's questions about the ownership of the machines and equipment that he saw were still operating. After less than one hour, appellant told Mr. Greenwald that the conversation was finished and told him to leave.

{¶6} Mr. Greenwald returned later that same day with police assistance. Mr. Greenwald informed the police of the receiver order and asked for their assistance in

conducting his duties. Appellant showed the police officers documents regarding the new company and the transfer of assets, documents that appellant had previously told Mr. Greenwald did not exist. The officers advised appellant to cooperate and handed the incorporation papers to Mr. Greenwald. However, before he could review the documents, appellant took them back. The officers did not get involved and Mr. Greenwald was only able to recover the material on the pallet — partial accounting records, the alleged remaining inventory, books and records including some of the financials and payroll records.

{¶7} Mr. Greenwald testified that he reviewed the records and found discrepancies in the payroll records, including payments that directly benefitted appellant and his wife. Additionally, Mr. Greenwald uncovered a second bank account used by Heza at Ohio Commerce Bank. Mr. Greenwald learned that Heza processed $10,000 to $40,000 per month in deposits and disbursements through this Ohio Commerce account, including payments for payroll, suppliers, vendors and payments to appellant's wife, Adelaida Zarwasch. Without Mr. Greenwald's knowledge, and after the court's receivership order, appellant liquidated and closed the Ohio Commerce Bank account.

{¶8} SKF conducted a deposition of appellant's wife wherein SKF learned more about the transfer of Heza's assets. Mrs. Zarwasch testified that Roland Zarwasch, the appellant's brother who lives in Austria, started a company called A-S Holding Co., Inc., that is owned by a trust. Mrs. Zarwasch explained that she is the trust's beneficiary and Roland Zarwasch is the trustee. Mrs. Zarwasch further stated that A-S Holding owns a

business called Austro Seal, L.L.C., which Roland asked her to run in May 2012 when Austro Seal began its operations. Mrs. Zarwasch agreed to run the company and used her maiden name, Adelaida Segueda, on the papers for the new company and used a friend's address, not her own.

{¶9} Through the receiver's investigation and Mrs. Zarwasch's deposition, SKF learned that immediately after Heza stopped operating, Austro Seal began operating at the same location. Mrs. Zarwasch stated that Heza stopped operating and, with no break or down time, the same employees, using the same equipment, began running Austro Seal. Mrs. Zarwasch also stated that during the transition, she called Heza's customers to tell them that Heza was closed and that she had a new business that could provide the same services.

{¶10} Austro Seal took over the leases and possession of Heza's building, machines, tools, furniture and equipment and, according to appellant, did not pay Heza any money for the transfer. Mrs. Zarwasch testified that Austro Seal used the same phone number as Heza, that appellant retained the same cell phone number he used to conduct Heza's business and that Austro Seal used the same accounting software and data as Heza.

{¶11} SKF filed a motion to show cause why appellant should not be held in contempt of court for violating the court's receivership order. On October 30, 2012, the trial court held a hearing and heard testimony, at the conclusion of which it found appellant in contempt and that the new companies' assets should be in the receiver's

control. In making its finding, the court stated, "[The Court] ordered [the Receiver] to take control. The operation is in the same location, it's got the same employees, it's got the same two of the family running it here. And frankly, sir, you say you're not running the place, you're there, it appears, which is — which indicates * * * I am going to find you in contempt."

{¶12} Appellant appeals, raising the following assignments of error:

The trial court erred in finding Helmut Zarwasch in contempt of the court order.

The trial court erred in finding that the assets of A-S Holding, Inc., and Austro-Seal, Inc., are part of the receivership.

{¶13} Initially, we note that appellant's brief fails to conform with App.R. 16(A)(7), which requires the argument section of an appellant's brief to contain "the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 12(A)(2) allows a court to disregard an assignment of error presented for review "if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶14} In the present case, appellant does not separately argue his two assignments of error. His entire argument section addresses his first assignment of error and why the court erred in finding appellant in contempt. Appellant provides citations to the record as well as legal authority in support of this first argument but fails to

address his second assignment of error. Appellant makes brief mention about the assets of A-S Holding, Inc., and Austro Seal, L.L.C., but does not include any citations to the record or legal authority in support of his claim of error regarding those two corporations. Thus, pursuant to App.R. 12(A)(2) and App.R. 16(A), we disregard appellant's second assignment of error.

{¶15} An appellate court reviews a trial court's finding of contempt for an abuse of discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). An abuse of discretion constitutes more than an error of law or judgment, it implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶16} Contempt can be direct or indirect and civil or criminal. *Dobbins v. Evans*, 5th Dist. No. 2011CA00171, 2012-Ohio-898. This matter clearly concerns indirect contempt, which is defined as "behavior which occurs outside the presence of the court and demonstrates a lack of respect for the court or its lawful orders." *Sansom v. Sansom*, 10th Dist. No. 05AP-645, 2006-Ohio-3909. Additionally, the parties agree that this matter is civil in nature where any citation imposed is used to force compliance with a court order or judgment. *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 254, 416 N.E.2d 610 (1980).

{¶17} In civil contempt proceedings, the moving party demonstrates a prima facie case of civil contempt when the movant proves both the existence of a court order and the nonmoving party's noncompliance with the terms of that order. *Wolf v. Wolf*,

1st Dist. No. C-090587, 2010-Ohio-2762. Trial courts apply a clear and convincing evidence standard of proof in civil contempt proceedings. *Flowers v. Flowers*, 10th Dist. No. 10AP-1176, 2011-Ohio-5972; *Dobbins*.

{¶18} In the present case, the trial court correctly held appellant in contempt of court. During the hearing, SKF presented evidence of the court's receivership order as well as testimonial evidence of appellant's noncompliance with that order. The trial court's receiver order instructed the receiver to take immediate control, possession, management and charge of records of accounting, assets and property of Heza. Mr. Greenwald testified that appellant willfully evaded and refused to comply with the trial court's order by (1) refusing to permit him to perform his duties; (2) attempting to shift Heza's assets to other companies to facilitate appellant's acts and avoid fulfillment of the federal judgment order, and (3) hiding the existence of a Heza bank account until it could be liquidated and closed.

{¶19} Any one of the above-cited instances of appellant's disobedience would support a finding of civil contempt. Nonetheless, SKF elicited testimonial evidence supporting each of the three charges of noncompliance. Thus, SKF established appellant's noncompliance with the court's receivership order by clear and convincing evidence. The trial court did not abuse its discretion in finding appellant in contempt. Appellant's first assignment of error is overruled.

{¶20} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR